[No. 10180. Department Two. June 22, 1912.]

FRED HUMMEL, *Respondent*, v. C. H. PETERSON *et al.*, *Appellants*.[1]

ADJOINING LANDOWNERS—LATERAL SUPPORT—DAMAGES. Damages may be recovered for the removal of lateral support by an excavation made by an adjoining landowner regardless of negligence in making the excavation, in view of the provision of the state constitution that "no private property shall be taken or damaged for a public or private use without just compensation having been first made."

Appeal from a judgment of the superior court for King county, Ronald, J., entered July 3, 1911, upon the verdict of a jury rendered in favor of the plaintiff, in an action in tort. Affirmed.

*Peterson & Macbride*, for appellants.

*Daniel Landon, Chas. D. Fullen*, and *Jas. G. Raley*, for respondent.

[1]Reported in 124 Pac. 400.

MORRIS, J.—Respondent brought this action to recover damages for the removal of lateral support. The property of both respondent and appellants is situate upon a hillside having a slope of about forty-five degrees. Appellants own the lower lot, and between their lot and that of respondent there is an ungraded thirty-foot street. It is unnecessary to state the facts, since the only question arising upon the appeal is one of law which is in no way controlled by any of the facts in the case other than those disclosing the relative location of the respective lots, the excavation on appellants' lot, and the consequent sliding or caving in of respondent's lot.

The appeal is taken because of the alleged error of the trial court in refusing to hold that a recovery could be based only upon the negligence of appellants in making the excavation, and in submitting the case to the jury upon the theory that, if the act of appellants in making their excavation caused the lot of respondent to slide, and the injury to respondent's property was the proximate result of appellants' act, then respondent could recover. That such is the correct rule of law in this state can hardly be doubted, since the decision in *Farnandis v. Great Northern R. Co.*, 41 Wash. 486, 84 Pac. 18, 111 Am. St. 1027, 5 L. R. A. (N. S.) 1086, where it was held that the liability in cases of this character does not depend upon the degree of care or skill used to prevent damages, but that the liability is the same whether the damage is caused with or without negligence; the reason being that, for any physical injury or direct invasion of property rights, damages are recoverable, under the provisions of our constitution that "no private property shall be taken or damaged for a public or private use without just compensation having been first made." Any further discussion of the question would only be a repetition of what is said in the *Farnandis* case, which is controlling here, and for which reason the judgment is affirmed.

FULLERTON, MOUNT, and ELLIS, JJ., concur.