[No. 16868. *En Banc.*  June 21, 1922.]

MARGARET M. KNAPP, *Respondent,* v. E. E. SIEGLEY, *Appellant.*[1]

ADJOINING LANDOWNERS (1)—REMOVAL OF LATERAL SUPPORT—INSTRUCTIONS. In an action for removal of lateral support, it is proper to refuse an instruction that defendant is not liable if he use reasonable means to prevent plaintiff's building from falling into the excavation.

SAME (1). In an action for removal of lateral support, lack of notice of defendant's excavation may be an element of negligence to be considered by the jury.

CONSTITUTIONAL LAW (137)—DUE PROCESS—NOTICE. Under Const., art. 16, § 1, providing that private property shall not be taken or "damaged" without compensation, every landowner has a right to lateral support whether his land is encumbered by buildings or not.

EVIDENCE (132)—DOCUMENTARY EVIDENCE—PHOTOGRAPHS — IDENTIFICATION. Photographs of the locus in question are admissible, although not identified by the person who took them, when a party testifies that they were correct representations of what they purported to be.

EVIDENCE (207½)—OPINION EVIDENCE—COMPETENCY OF EXPERTS—BUILDING OPERATIONS. A city building inspector, familiar with excavations, with twenty-two years experience in building work and twelve years as a contractor, is competent to testify as to the proper

[1]Reported in 208 Pac. 13.

method of excavating where the adjoining lot is occupied by a building.

DAMAGES (92-1)—EXCESSIVE DAMAGES—REMOVAL OF LATERAL SUP-
PORT. Damages for the removal of lateral support cannot be said to
be awarded under passion and prejudice, when they were well within
what was testified to by witnesses.

Appeal from a judgment of the superior court for King county, Griffiths, J., entered February 21, 1921, upon the verdict of a jury rendered in favor of the plaintiff, in an action for damages for the removal of lateral support. Affirmed.

Byers & Byers, for appellant.

Tucker & Hyland (Ford Q. Elvidge, of counsel), for respondent.

HOLCOMB, J.—In an action for damages for the alleged removal of lateral support, respondent had verdict and judgment for $1,250 against appellant.

The substance of the complaint is, that the respondent was the owner of a lot on Summit avenue, Seattle, and the appellant was the owner of two lots adjoining on the north side of respondent's land and lying between respondent's lot and Pine street; that the elevation of all the lots was approximately twelve feet above Summit avenue; that respondent had improved her property with a frame dwelling house and with a lawn, trees and shrubbery. In 1919, appellant excavated his property for the purpose of constructing a building thereon, and so carelessly and negligently excavated the same that respondent's lateral support was removed, and she was damaged by such negligent act of appellant; that, in order to restore her house to its former condition, it was necessary to make repairs, amounting all together, including loss of trees and shrubbery, to the sum of $2,208. The answer of appellant was a general denial.

The court submitted the case to the jury, among others, upon the following instructions:

"Instruction VI.

"You are instructed that a land owner may excavate his own land for such lawful purpose as he sees fit, provided he digs with ordinary care and caution; and if in so doing the earth gives away and a house or other improvements upon the adjoining land falls or sinks down by reason of the additional weight thereof placed upon the soil in its natural condition, the adjoining owner is without remedy, provided the excavator use ordinary skill, care and diligence in digging the excavation, *and has used reasonable means to protect the adjoining land and house or other improvements from falling into the excavation.*"

"Instruction X.

"You are further instructed that the owner of land who intends to make an excavation thereon should, in the exercise of ordinary care, notify the adjoining land owner of the intended improvement so that he may take the necessary precautions to protect the buildings on his land. Such notice or information may be given before or after the work has been begun, and may consist of whatever will reasonably put him upon inquiry as to what excavation is intended to be made.

"It is for you to decide from the evidence when and how such notice or information, if at all, was given plaintiff by the defendant."

To both of these instructions the appellant duly excepted, objecting particularly to that portion of instruction VI which has been italicized, and all of instruction X.

Appellant offered requested instructions IV, V, VI, VII, VIII and IX, which were not given by the trial court, and excepted to the refusal of each thereof. Motions for judgment n. o. v. and for a new trial, on statutory grounds, were unsuccessfully made.

Appellant assigns as error five claims, and argues them very inadequately.

As to instruction No. VI, given by the court, appellant objects to the language used therein as follows: "and has used reasonable means to protect the adjoining land and house or other improvements from falling into the excavation." This, he says, is clearly error and entitles appellant to a reversal, upon the authority of 1 R. C. L. 381, § 15, as follows:

"The principle established by the authorities is, that one landowner cannot, by altering the natural condition of his land, deprive the adjoining proprietor of the privilege of using his own land as he might have done before; and consequently, that he cannot, by building a house near the margin of his land, prevent his neighbor from excavating his own soil, although it may endanger the house."

That broad and general statement of the common law rule is qualified and limited by our constitutional provision that,

"No private property shall be taken *or damaged* for public or private use without just compensation having been first made." Const., Art. I, § 16 (Italics ours).

We are committed to the doctrine that damages are recoverable in such a case. *Parke v. Seattle,* 5 Wash. 1, 31 Pac. 310, 32 Pac. 82, 34 Am. St. 839, 20 L. R. A. 68; *Peters v. Lewis,* 33 Wash. 617, 74 Pac. 815; *Farnandis v. Great Northern R. Co.,* 41 Wash. 486, 84 Pac. 18, 111 Am. St. 1027, 5 L. R. A. (N. S.) 1086; *Hummel v. Peterson,* 69 Wash. 143, 124 Pac. 400.

The instruction was almost identical with one approved in Michigan in *Gildersleeve v. Hammond,* 109 Mich. 431, 67 N. W. 519, 33 L. R. A. 46.

As to instruction No. X, given by the court, appellant contents himself with the statement that there is no authority whatsoever for it, citing no authorities. Whether the instruction was appropriate or not we are

16—120 WASH.

unable to discover any prejudice to appellant by it. The obligation to give some sort of notice is not imperative, but lack of it under some circumstances might be an element of negligence to be considered, together with all the facts and circumstances. 1 C. J. 1217, § 41; 1 R. C. L. 386, § 21.

As to the refusal of the court to give instructions III, IV, V, VI, VII, VIII, and IX, requested by appellant, the mere statement is made: "we think it unnecessary to refer seriously to these instructions, and that it is only required to say that appellant was entitled to have these instructions given by the court, and the case should be reversed and sent back for a new trial." No reasons are pointed out as to the necessity of giving any of the foregoing instructions, except upon the general theory of appellant that the case was improperly submitted to the jury as to the right and extent of recovery, which, under our decisions, is untenable.

Under our constitution and our decisions, every landowner in this state has a natural right to lateral support. We held in *Farnandis v. Great Northern R. Co., supra,* where recovery was sought for damages to buildings which were caused to partially collapse by reason of removal of lateral support in excavating for a tunnel, that the liability did not depend upon the degree of care or skill used to prevent damage; that the liability of the railroad company was the same whether the damage was caused with or without negligence.

Respondent, however, assumed the burden of proving, first, damages; and second, negligence on appellant's part; and third, that respondent's land would have fallen, when the adjoining land was excavated up to it, to the depth it was, unweighted by buildings.

Upon the evidence so submitted, the jury found in favor of the respondent.

As to the instructions submitting the question of negligence of appellant in the manner of excavating, none of them were excepted to by appellant, or assigned as error.

Appellant assigns as error the admission of certain photographs as exhibits, because they were not identified by the persons who took them and there is nothing in the evidence to justify the admission of the photographs; that they were taken at a time and place unidentified and unknown, and were not entitled to admission under the most liberal construction of the rules of evidence.

Respondent testified that each of the photographs was a correct representation of what it purported to be. She was there at the time they were taken.

"The rule in regard to the introduction in evidence of ordinary photographs is that the proof of their accuracy may be given by any person who has knowledge of the thing represented by the photographs." 10 R. C. L. 1159, § 360.

The testimony of one Clothier, a witness for respondent, which was admitted over the objection of appellant, regarding the building of a wall before the excavation was made, is alleged as error, and the mere statement made that it is only necessary to refer to 1 R. C. L. 385, § 20. The objection was made that Clothier was not qualified, and that the method testified to required excessive precaution on the part of appellant's contractor, who was not an insurer. The witness testified that he was building inspector for the city of Seattle; he testified to familiarity with the excavation of earth and the erection of buildings, including twenty-two years of experience in building work, twelve years as a contractor, and ten years subse-

quently as building inspector. He testified that the proper and safe manner to do the work done by appellant would be to trench on the boundary line first, crib the sides of the trench, and then at the bottom of the trench put in the foundation of the wall, and work upwards, the wall building upwards in the trench taking the place of the removed earth and cribbing and providing a support.

The very section of 1 R. C. L. 385, § 20, cited by appellant, has this:

"In determining whether the excavator has been careless, reference may be had to what is usually done by other builders in similar cases. And likewise experienced contractors and builders, who are acquainted with the premises and with the circumstances surrounding the fall of a building, are peculiarly qualified to give information as to what is necessary to be and what is usually done under such circumstances," etc.

There is no merit in the objection to the substance of the testimony of Clothier or to his qualifications.

Error is also claimed as to the amount of damages, urging that the same are excessive and appear to have been given in the heat of passion and prejudice. The damages awarded are well within the amounts testified to by witnesses, and consequently no passion or prejudice is manifested in allowing the sum awarded.

The judgment is affirmed.

PARKER, C. J., TOLMAN, BRIDGES, MITCHELL, and HOVEY, JJ., concur.