[Nos. 36804, 36805.   Department One.   January 16, 1964.]

FLOYD C. KELLEY et al., Respondents, v. ATHAN T. FALANGUS et al., Appellants, KARL F. KIRCH et al., Defendants.

STELLA M. HELARD, Respondent, v. ATHAN T. FALANGUS et al., Appellants, KARL F. KIRCH et al., Defendants.*

Clarke, Clarke, Albertson & Bovingdon, for appellants.

Roberts, Shefelman, Lawrence, Gay & Moch, for respondents.

*Reported in 388 P. (2d) 223.

DAWSON, J.†—These two actions were consolidated in trial court and retain that status on appeal. Floyd C. Kelley and Lillian P. Kelley, plaintiffs in one suit, and Stella M. Helard, plaintiff in the other, own adjoining improved real properties, each dimensioned 50 by 128 feet. These parcels abut on Olympic Place, a street on Queen Anne Hill in Seattle. Topographically, the land slopes sharply downward in the area. Immediately below plaintiffs' parcels, abutting upon the full width of Mrs. Helard's tract and upon one-half of the width of the Kelley tract, is situated a lot 75 by 128 feet, owned by the defendants, Athan T. Falangus and Helen Falangus, his wife.

Karl F. Kirch, a competent independent contractor, had been engaged by Mr. and Mrs. Falangus to construct an apartment house on their property, in accordance with the plans and specifications furnished by an equally competent architect. Mr. Kirch, in making excavations, employed inadequate techniques. He was also negligent for his failure to shore or brace. These acts resulted in lack of lateral support, precipitated a slide of substratum soil, and damaged the following improvements: a residence on Mrs. Helard's lot, and a modern apartment building which occupied a portion of the Kelley lot.

Mr. Falangus, Mr. Kirch, and their spouses were joined as defendants. The cases were tried to the court, following which judgments were granted against both defendants and their respective marital communities. Mr. and Mrs. Falangus have appealed. They do not question the amounts of the respective judgments entered in the cases.

We determine two issues raised on appeal, and paraphrase the first of these. The trial court found that the sole proximate cause of plaintiffs' damages was the removal of lateral support by the negligent act of Mr. Kirch, the contractor; that the weight of improvements or fill did not contribute thereto, for the slide would have occurred regardless of the presence or lack of presence of the im-

---

† Judge Dawson is serving as a judge pro tempore of the Supreme Court pursuant to Art. 4, § 2(a) (amendment 38), state constitution.

provements. It is argued that these findings are not supported by the evidence. A number of qualified witnesses testified to various facets in issue. We think the evidence is substantial, probative, and does not repeal nature's law of gravity as suggested. It is axiomatic that we cannot disturb findings so predicated.

The second issue challenges conclusion of law No. 6.[1] This conclusion finds basis in Art. 1, § 16 (amendment 9) state constitution, which provides, *inter alia*, " . . . No private property shall be taken or damaged for public or private use without just compensation having been first made . . ."

■ This constitutional provision, as construed, is a departure from common law concepts. The early common law rule held that, in the absence of negligence, the right of an owner of land to the lateral support of the soil of adjoining owners extended only to land in its natural state. In *Muskatell v. Seattle*, 10 Wn. (2d) 221, 233, 116 P. (2d) 363, this court bibliographed in some detail the departure from the common law rule, as first expressed in the case of *Brown v. Seattle*, 5 Wash. 35, 31 Pac. 313, 32 Pac. 214, and clearly demarcated in *Farnandis v. Great Northern R. Co.*, 41 Wash. 486, 84 Pac. 18. The court then summarized the Washington rule as follows:

"We have carefully read and considered the *Farnandis* case, the cases therein referred to, and many others, and we have concluded that, under the rule in this state, . . . it is immaterial, in an action brought under the constitutional provision to recover damages, either to the land or the buildings located thereon, for the removal of lateral support, whether or not the city was negligent in the manner in which the work was done. However, we have recognized that the sliding and slipping of the soil must

---

[1]Conclusion No. 6: "In causing the excavation on the Falangus property to be made, the defendants Athan T. Falangus and Helen Falangus, his wife, caused the lateral support of the plaintiffs' properties to be removed and are responsible for the acts of the defendant Karl F. Kirch in removing such lateral support, thus becoming liable for the damages resulting therefrom regardless of negligence under the constitution and law of the State of Washington."

occur because of its own weight, and not because of the superimposed weight of the buildings thereon. . . ."[2]

Once it is demonstrated that additional lateral thrust from the weight of improvements has not precipitated or caused the damage, good reason supports this doctrine.

". . . The Author said in his text on Property published in 1916: '. . . Each owner in erecting buildings has the right to believe that the natural support theretofore existing will be maintained, and there is no valid reason why he should not recover his entire damages to land and buildings in case this natural support is taken away.' The Restatement of Torts is in accord with this position. . . ." Walsh, Real Property § 245, p. 640.

It would seem illogical to grant relief in one case and withhold it in the other. See, also, 5 Powell, Real Property §§ 698, 699, 700, 701.

■ Appellants argue with conviction that, because they were not negligent in any phase, they should not be liable for the negligent act of the independent contractor. Many common law cases are cited to support this position. It is unnecessary to consider their import, for the answer to this argument is that in a constitutional damaging, as we have seen, negligence is not a prerequisite to liability.

Appellants, as owners of the supporting real property, may not escape this constitutional responsibility by delegation to a private, independent contractor. We are in full accord with the following language taken from *State v. Williams*, 12 Wn. (2d) 1, 14, 120 P. (2d) 496:

"Since we have concluded that the injury to respondents' property, resulting from the removal of lateral support, was a damaging within the meaning of the constitutional provision requiring compensation to be made, it would seem to follow, necessarily, that the state could not delegate to a private independent contractor the liability for such damaging any more than the state could so delegate its power of eminent domain. . . ."

---

[2] This rule has been applied to disputes between individuals involving removal of lateral support. *Hummel v. Peterson*, 69 Wash. 143, 124 Pac. 400 and *Knapp v. Siegley*, 120 Wash. 478, 208 Pac. 13.

We do not reach the assignments of error touching the foreseeability of the damages and the interpretation of ordinance No. 85500 of the city of Seattle.

The judgments are affirmed.

OTT, C. J., HILL, ROSELLINI, and HUNTER, JJ., concur.

March 9, 1964. Petition for rehearing denied.