Wheeler *vs.* Walker.

---

ALEXANDER W. WHEELER, sheriff, plaintiff in error, *vs.* JAMES P. WALKER, defendant in error.

(BLECKLEY, Judge, having been of counsel, did not preside in this case.)

1. *Mandamus* was prayed directing the sheriff to accept an affidavit of illegallity and to refrain from selling certain property under execution. The petition was presented to the judge in vacation, who ordered the sheriff to accept the illegality or to show cause at the next term of the superior court to the contrary, and in the meantime that he suspend the contemplated sale. To this judgment exception was taken, and the question brought here for review:

*Held*, that the writ of error should be dismissed as prematurely brought. The order excepted to was purely interlocutory and not final.

2. The judgment was not an injunction so as to bring the writ of error within the provisions of the statute specially applicable to that class of cases. It merely suspended the sale of the property until the petition for *mandamus* could be finally passed on in term time.

*Mandamus.* Illegality. Injunction. Practice in the Supreme Court. Before Judge CLARK. Sumter county. At Chambers. July 3d, 1875.

Reported in the decision.

HAWKINS & HAWKINS, for plaintiff in error.

S. C. ELAM; FORT & McCLESKEY, by B. P. HOLLIS, for defendant.

WARNER, Chief Justice.

This was an application for a writ of *mandamus* requiring the sheriff of Sumter county to accept an affidavit of illegality to an execution which had been levied on the petitioner's property which had been tendered to the sheriff, and which he had refused to accept, (a copy of which affidavit of illegality was attached to the petition,) or that the sheriff appear at the next term of Sumter superior court and show cause why he should not do so, and in the meantime that he desist and forbear to sell the property so levied on until the further order of the court. The presiding judge of said court, at chambers, granted the following order:

" It is ordered that the respondent accept the affidavit of illegality, or show cause at the next term of Sumter superior court, why the *mandamus* should not be made absolute, and until the hearing, he is ordered to suspend the sale of the property levied on, on the *fi. fa.* mentioned in the affidavit of illegality."

The bill of exceptions recites that by consent of counsel on the 3d day of July, 1875, at chambers, the application for the *mandamus nisi*, as prayed for, was heard before the presiding judge, all notice being waived, when a demurrer to the *mandamus*, (meaning, we suppose, to the *application* for *mandamus*,) and objections to granting the injunction was heard, and after hearing argument, the judge granted the before recited order, which is called in the bill of exceptions an injunction ; whereupon the sheriff excepted.

1. When the case was called for argument here, a motion was made to dismiss the writ of error as having been prematurely brought, as there had been no judgment rendered by the court

below on the hearing of the *mandamus nisi* at the court to which it was made returnable, and that the case was not embraced within the provisions of the act of 1870, providing for the bringing up to this court injunctions prayed for in equity causes. By the 4250th section of the Code, it is declared that no cause shall be carried to the supreme court upon any bill of exceptions so long as the same is pending in the court below, unless the decision or judgment complained of, if it had been rendered as claimed by the plaintiff in error, would have been a final disposition of the cause, but the party at any stage of the cause may file his exceptions on the record, etc. A writ of *mandamus* is a common law writ, and under the constitution of this state the superior courts alone have jurisdiction to issue it. The judges of the superior court may grant a *mandamus nisi* at any time on proper showing made, but the return must be made in term time : Code, section 3201, 247. The judge, at chambers, had no authority unde the law to hear and determine a demurrer to an application for a writ of *mandamus nisi*. The judges of the superior courts, in vacation, have only the power and authority to hear and determine *demurrers to bills in equity,* under the provisions of the act of 1869. The granting the *mandamus nisi,* to be heard and determined at the next term of the superior court, was no final disposition of the cause, and the judge might well have overruled the defendant's demurrer to the application, on the ground that he had no power or authority to hear and decide it under the law, at chambers. A judge of the superior court cannot exercise any power out of term time except the authority is expressly granted : Code, section 249.

2. It is assumed in the bill of exceptions and was urged on the argument that the order of the judge, as it appears in the record, granting the *mandamus nisi,* was an injunction, and therefore could be brought to this court on writ of error as an injunction granted in an equity cause, under the provisions of the act of 1870. The reply is that the application for the writ of *mandamus* was a common law proceeding, and

no injunction was prayed for and no injunction was granted by the judge. The prayer of the petitioner was that the sheriff might desist and forbear to sell the property levied on until the further order of the court. The legal effect of the prayer of the petitioner was for a *supersedeas* until the *mandamus nisi* could be heard and determined, and such is the legal effect of the order of the judge. The order of the judge merely suspends the sale, and is nothing more than a *supersedeas* of the sale of the property by the sheriff until the *mandamus nisi* granted by him could be heard and decided by the superior court as provided by law. The judge had the power and authority, under the law, to grant the *supersedeas*, as he did, if, in his judgment, the ends of justice required it: Code, section 247.

This being a proceeding on the common law side of the court, and no judgment having been rendered in the case by the court below which this court can review, the writ of error is dismissed as having been prematurely brought to this court.