THE MAYOR AND COUNCIL OF THE CITY OF BRUNSWICK *et al.* plaintiffs in error, *vs.* GEORGE A. DURE, defendant in error.

1. An injunction restraining certain creditors of a municipal corporation from enforcing judgments against city property held for public purposes, does not prevent one of such creditors from proceeding by *mandamus* to compel the proper officers of the corporation to levy a special tax for the payment of his claim.
2. The defendants to a proceeding by *mandamus* have the right to file their answer to the rule *nisi* within thirty days after the return term, and a *mandamus* absolute cannot issue until opportunity for such action is afforded them.

*Mandamus.* Practice in the Superior Court. Before Judge HARRIS. Glynn Superior Court. May Term, 1877.

The following, taken in connection with the decision, sufficiently reports the case:

Prior to the application for *mandamus*, the mayor and council of Brunswick, and certain tax-payers of that city, filed their bill, setting forth a bad state of finances in the corporation, partly as the result of misfortune and partly of fraud; that the city was utterly unable, at that time, to pay its debts; that certain creditors, including Dure, were proceeding to enforce their claims; that levies were being made on the city hall, city park, and other similar property, held by the city, not absolutely, but for the use of the public; that irreparable injuries would result from such a course. The prayer was for the appointment of an auditor

---

and for injunction to stop further proceedings to collect such debts. The auditor was appointed, and an injunction granted as to property held by the city for public purposes, but as to no other.

Defendants to the *mandamus* pleaded this injunction in bar to the rule.

MERSHON & SMITH ; R. K. HINES, for plaintiffs in error.

GOODYEAR & HARRIS, for defendant.

WARNER, Chief Justice.

This was a petition for a *mandamus nisi* filed by the complainant against the mayor and council, clerk and treasurer, of the city of Brunswick, requiring it and them to show cause why certain described judgments, amounting to the sum of $914.34, which the petitioner had obtained against the mayor and council of said city, should not be paid, or why a tax of one-half of one per cent on the taxable property in said city should not be assessed and collected for the payment thereof. The *mandamus nisi* was granted by the presiding judge, and made returnable to the May term, 1877, of Glynn superior court. At the term of the court to which the writ of *mandamus* was made returnable, the defendants filed a plea of the pendency of a former suit by bill pending in said superior court, to which the petitioner for *mandamus* was a party, and, therefore, was restrained from prosecuting his remedy by *mandamus* by the injunction granted in that case, which plea was overruled by the court, and the defendants excepted. After the court had overruled the aforesaid plea, the defendants made a motion to file an answer to the allegations contained in the petitioner's petition, which motion was also overruled by the court, and the *mandamus nisi* was ordered to be made absolute, whereupon the defendants excepted.

1. There was no error in overruling the defendants' plea ;

the injunction in the former suit did not restrain the petitioner from prosecuting his remedy by *mandamus*, as he sought to do.

2. The 3201st section of the Code declares that the writ of *mandamus* may be granted at any time on proper showing made, but the return must be made in term time, and any issues of fact made thereon must be tried as *other* equity causes. The writ of *mandamus* being a common law writ, the word "other" is mere surplusage. Omit that word, and the section would read, "and any issues of fact made thereon must be tried as equity causes." The appropriate mode of making issues of fact by the defendants, on the allegations contained in the petitioner's petition, was by an answer thereto, and that being so, when the defendants' plea was overruled at the first term of the court, the defendants had the legal right to make such issues of fact by filing an answer to the petitioner's allegations within thirty days after the first term of the court, as provided by the 4194th section of the Code in equity causes. The refusal of the court to allow the defendants to file an answer to the petitioner's allegations, and in making the *mandamus nisi* absolute, as stated in the bill of exceptions, was error.

Let the judgment of the court below be reversed.