## GAY *vs.* GILMORE, sheriff.

1. The writ of *mandamus* is a common law writ with which equity has nothing to do, and therefore, where an application or petition in equity was presented to the judge of the superior court as chancellor, at chambers, praying that such steps should be taken as would give petitioner the writ of *mandamus*, it was properly dismissed.

2. If an application for a *mandamus* be made, and the grounds set out therein be not good, the judge of the superior court may refuse or deny the application for a rule *nisi* at chambers.

(*a.*) The remark to the contrary of this in 55 *Ga.*, 256, was *obiter dictum*.

May 1, 1886.

Equity. *Mandamus.* Practice in Superior Court. Before Judge FORT. Macon County. At Chambers. January 4, 1886.

Reported in the decision.

E. G. SIMMONS; HAWKINS & HAWKINS, for plaintiff in error.

F. T. SNEAD; W. H. FISH, by brief, for defendant.

JACKSON, Chief Justice.

This is an application or petition in equity to the judge of the superior court as chancellor to take such steps as will give the petitioner the writ of *mandamus*. A time was appointed at chambers to hear the petition, and on motion, it was dismissed by the chancellor.

1. The only point made by the plaintiff in error is that the judge had no right to dismiss the application in vacation on demurrer, and the case of *Wheeler, sheriff, vs. James P. Walker*, 55 *Ga.*, 256, is relied upon as authority, that case being, like this, a prayer for *mandamus* against a sheriff to make him receive and return an affidavit of illegality to court. But that case arose on a motion to dismiss

a writ of error to this court, which was dismissed because prematurely brought to this court, it being a *mandamus nisi* at chambers, and not coming within fast bills of exception as in equity cases for injunction, etc. And that is the point at issue in that case. That case, however, kills this, because there it is held that the writ of *mandamus* is a common law writ, with which equity has nothing to do, and because it was not an equity case, the writ of error was dismissed in that case. But this is a petition in equity before the chancellor at chambers, and should have been dismissed, because chancery had nothing to do with it and no jurisdiction over it at chambers in term.

2. It should have been dismissed at chambers, if the grounds of illegality were not good, it being an application for a rule *nisi* simply, just as a judge can refuse the writ of *certiorari* at chambers; and the grounds were insufficient, and counsel made no point that they were not.

This court never can decide that the judge of the superior court cannot refuse or deny an application for a rule *nisi* for *mandamus* at chambers, and never has so decided.

In *Wheeler against Walker, supra*, the court was on the point of the case being prematurely brought here on an application for *mandamus* in vacation, and held that it was not a final judgment or an interlocutory equity or injunction decision to be brought here on a fast bill of exceptions. It is true that Judge Warner says, *arguendo*, that "the judge at chambers had no authority under the law to hear and determine a demurrer to an application for a writ of *mandamus nisi;*" but it is *obiter*, and doubtless the word "*nisi*" was inadvertently written. The judge at chambers is not bound to grant a rule *nisi* on any sort of petition, but may dismiss the petition *in limine* on oral or written objection or demurrer, if called by the latter name.

Judgment affirmed.