J. H. Anderson; R. J. McCamy, for defendant.

---

### GAY *vs.* GILMORE.

MANDAMUS, FROM MACON. Equity. Mandamus. Practice in Superior Court. (Before Judge Fort.)

Jackson, C. J.—1. The writ of *mandamus* is a common law writ with which equity has nothing to do, and therefore where an application or petition in equity was presented to the judge of the superior court as chancellor at chambers, praying that such steps should be taken as would give petitioner the writ of *mandamus*, it was properly dismissed. 55 Ga., 257.

2. If an application for a *mandamus* be made, and the grounds set out therein be not good, the judge of the superior court may refuse or deny the application for a rule *nisi* at chambers.

(a) The remarks to the contrary of this in 55 Ga., 256 was *obiter dictum.*

Judgment affirmed.

E. G. Simmons; Hawkins & Hawkins, for plaintiff in error.

F. T. Sneed; W. H. Fish, by brief, for defendant.

---

### EZELL *et al.* COMMISSIONERS, *vs.* THRASHER.

ILLEGALITY, FROM PUTNAM. Peddlers. Tax. Words and Phrases. (Before Judge Lawson.)

Jackson, C. J.—Where one traveled about, carrying with him all the tools, ladders, etc., necessary to putting up and repairing lightning rods, and charged for putting rods in houses a certain amount per foot and a certain amount for points, a part of the charge being for putting them up, and where he did not sell any lightning rods without putting them up, he was not a peddler and was not subject to the forfeiture provided for in 533 of the Code for peddling without a license. Code, 528, 529.

(a) The status of itinerant lightning-rod dealers has received a legislative construction in the general tax act of 1884. Acts 1884 5, p 22.

Judgment affirmed.

Joseph S. Turner, by Harrison & Peeples, for plaintiffs in error.

W. B. Wingfield, by Newman & Ellis, for defendant.