## 1182. GRAHAM *v.* MASSENGALE ADVERTISING AGENCY.

It is not error to strike a plea in abatement which is filed to an action brought upon an unconditional contract in writing and is based upon. the pendency of a suit on an open account between the same parties. Especially is this true where it appears that the account, the subject-matter of the prior suit, has been settled by the defendant, without any agreement as to the costs, and where, in the absence of an agreement as to the payments of costs, the plaintiff's liability for the costs, if any, ended, and the defendant became, by law, liable therefor.

Complaint, from city court of Bainbridge—Judge Harrell. April 20, 1908.

Submitted July 14,—Decided October 12, 1908.

*E. S. Longley,* for plaintiff in error.

*Donalson & Donalson,* contra.

Russell, J. All of the questions raised by the writ of error are abandoned by the plaintiff in error in his brief, · except the assignment of error which insists that the court erred in striking the defendant's plea in abatement. In addition to what we have said in the headnote, it is only necessary to state that the Massengale Advertising Agency, having brought an action against the plaintiff in error to recover upon an open account, effected a settlement with him, by the terms of which he paid $100 in cash and gave certain promissory notes in settlement of the remainder of the account. These promissory notes were the basis of the second suit. It appears that both suits were open upon the docket at the time that the plea in abatement was filed, but it is uncontroverted that the second suit was upon the notes given in settlement of the first. It is clear, where one settles an action instituted against him, that, in the absence of any agreement between the parties to the controversy, the costs in the case become chargeable against him. The case, therefore, does not fall within the provisions of §5043 of the Civil Code, which provides that where

there is a dismissal or nonsuit, the plaintiff can not recommence his action without paying costs. In this case the plaintiff did not dismiss his action, and his right was to have a judgment for the costs against the defendant, which the court properly allowed, entered nunc pro tunc. This being true, there was no merit in the plea in abatement. · *Judgment affirmed.*