BOWEN *et al.,* commissioners, *v.* WHIDDON *et al.*

Where a petition for a writ of mandamus is filed, and mandamus nisi is granted thereon and the case set down for a hearing at chambers in vacation, the petition is not amendable at the hearing by the addition of a prayer for injunction; and the allowance by the trial judge of a prayer for injunction in the present case, over objection duly urged by the respondents, was error.

APRIL 16, 1915.

Application for mandamus, etc. Before Judge Thomas. Tift superior court. August 15, 1914.

*J. S. Ridgdill, J. H. Price,* and *Fulwood & Skeen,* for plaintiffs in error.

BECK, J. A. E. Whiddon and others, as residents and taxpayers of Tift county, made application for a writ of mandamus to compel Bowen and others, composing the board of commissioners of roads and revenues, to do and perform certain acts falling within the sphere of their official duties, according to and in the manner prescribed in the statute which is the basis of the action brought. Upon the presentation of this application to the judge of the superior court, a mandamus nisi was granted, and the respondents were commanded to show cause at chambers on a date specified·in the order why a mandamus absolute against them should not be granted as prayed in the petition. When the case came on for a hearing the petitioners offered to amend the original petition by adding a prayer which in effect was that the defendants "be restrained and enjoined" from doing and performing certain acts of alleged official misfeasance and misconduct, which were, it is contended, in contravention of the statute referred to. When this amendment was

offered the respondents urged the objection that the petition for mandamus could not be amended by adding thereto a prayer for injunction. This objection was overruled, and the amendment was, allowed. To this judgment the respondents excepted.

We are of the opinion that the court erred in overruling the objection and allowing the amendment. The petition for a mandamus and the proceedings thereon are in their nature a common-law action. This action can be begun in vacation, and, after giving the notice required by the statute, a hearing can be had in vacation and final judgment rendered in vacation, if no issue of fact is raised by the answer of the respondent which it is necessary to submit to a jury in term time. Or, if begun in vacation, and issues of fact are raised which it is necessary to submit to a jury, it can be disposed of at the first term of the superior court thereafter convening. It was not proper, therefore, by allowing such an amendment as was made in this case, to convert the action partially into an equitable proceeding which could not be finally disposed of in vacation, and could not be finally disposed of even at the next term of the court, except by consent of both parties. The remedy sought by the prayer for injunction was not appropriate to the case as it stood when the amendment containing this prayer was offered. "The double remedy of injunction and mandamus is not appropriate for one and the same case." *Whigham* v. *Davis,* 92 *Ga.* 574 (18 S. E. 548) ; *Gay* v. *Gilmore,* 76 *Ga.* 725. Proper and timely objection was urged to the amendment, and the court erred in overruling that objection.

*Judgment reversed. All the Justices concur, except Fish, C. J., absent.*