CHARLES G. BALDWIN *v.* CHESAPEAKE & POTO-
MAC TELEPHONE COMPANY.

[No. 109, October Term, 1928.]

*Decided February 14th, 1929.*

The cause was argued before BOND, C. J., PATTISON,
URNER, ADKINS, OFFUTT, DIGGES, PARKE, and SLOAN, JJ.

*Charles G. Baldwin,* for the appellant.

*William L. Marbury,* with whom were *Charles H. Carter*
and *Dozier A. De Vane* on the brief, for the appellee.

ADKINS, J., delivered the opinion of the Court.

The bill of complaint in this case, filed June 1st, 1928, by Charles G. Baldwin against the Chesapeake and Potomac Telephone Company of Baltimore City, alleges that plaintiff has been practicing law in Baltimore City since June, 1895, and since that time his name has been listed in the telephone directory of defendant, and he has had the telephone number St. Paul, afterwards Plaza, 2454, since February, 1904; that in 1913 he entered into a copartnership with G. Ridgely Sappington for the purpose of engaging in the practice of law in the City of Baltimore, and agreed with the said firm to allow them to use said telephone number, which they did up to and including the first day of February, 1928, when by mutual agreement said copartnership was dissolved and said telephone number was sold and assigned to G. Ridgely Sappington; and a new contract was executed with defendant whereby plaintiff was allotted the number Plaza 2453, which was one of the trunk lines formerly held under the contract for Plaza 2454, but not listed in the telephone directory; that said telephone directory is largely distributed throughout the City of Baltimore and other cities; that defendant is now (at the time of filing bill) engaged in the distribution of a new directory, and has already distributed copies thereof to certain of its subscribers, in which the name of Baldwin & Sappington is listed under the number Plaza 2454; that when defendant published said directory it knew and had been informed that said firm had been dissolved as of February 1st, 1928, and they had accepted instructions and entered into contracts not to republish the name of Baldwin & Sappington in any public directory, and to publish the name of plaintiff with telephone number Plaza 2453, and to publish the name of G. Ridgely Sappington with the number 2454; that without authority defendant is holding them out to the world as partners and transferring their good will to the former partner of plaintiff; that the partial distribution of said directory and publication has caused plaintiff irreparable loss and damage, and the further distribution thereof will greatly

increase said loss and damage and that plaintiff has no adequate remedy at law; that plaintiff has acquired a valuable clientele, and having been engaged in practice with the firm name of Baldwin & Sappington, the continuation of the publishing of the firm name will cause confusion and injury to said clientele as well as to plaintiff; that the publication of said firm name and the listing thereof under any telephone number whatsoever is in violation of plaintiff's rights, and will cause plaintiff irreparable damage "unless defendant is restrained from the publication of said directory and the distribution thereof, and is required by mandatory injunction to recall such copies of said directory as may have been distributed and destroy the same or correct the same by obliterating the name Baldwin & Sappington wherever it occurs." The prayer of the bill is for a mandatory injunction against the publishing or distributing of a telephone directory with a list of names containing the firm name of Baldwin & Sappington, and requiring defendant to recall any copy or issue of said directory printed subsequent to February 1st, 1928, and to destroy or correct the same; and for further relief.

With the bill were filed two exhibits, as follows:

"Baltimore and Vicinity Telephone Directory, at page 26, Baldwin & Sappington lwys, Munsey Bldg. Plaza 2454, and at page 180, Classified Business Directory, Lawyers, Baldwin & Sappington, Munsey Bldg., Plaza 2454."

"January 24, 1928.

"Chesapeake & Potomac Co.,
"5 Light Street,
"Baltimore, Md.

"Gentlemen:

"Please discontinue Plaza 2454, which is to be transferred to G. Ridgely Sappington, also disconnect listing of Charles G. Baldwin and Baldwin & Sappington on Plaza 2454, and listing of Baldwin & Sappington and G. Ridgely Sappington on Plaza 2453.

"Yours very truly,
"Charles G. Baldwin."

There also appear in the record the following two letters:
"The Chesapeake and Potomac Telephone Co. of
Baltimore City.

"W. A. Condit, Vice-President,
"108 E. Lexington St., Baltimore, Md.

"May 29th, 1928.

"Mr. Charles G. Baldwin,
"Munsey Building,
"Baltimore, Md.

"Dear Mr. Baldwin:

"Referring to our conversation today over the telephone, and in accordance with your request, this will acknowledge that you brought to my attention this morning the fact that the listing of the firm of Baldwin & Sappington was continued in the Baltimore Telephone Directory of the Summer Issue, 1928, in contravention to your instructions that the listing should be omitted.

"It is further my understanding that your office telephone is correctly listed under your name, and that the listing of Mr. G. Ridgely Sappington is also correct. The difficulty, therefore, lies in the fact that the telephone number shown under the firm name listing is identical to that of Mr. Sappington's.

"It is my understanding that you do not apprehend that you may not be notified of calls received over Mr. Sappington's telephone as a result of persons who may refer to the listing of the firm of Baldwin & Sappington, but rather that you are dissatisfied at the indication of the continuance of this firm by reason of the appearance of the listing in the telephone directory. Further, in accordance with our understanding, I am submitting the matter to Mr. Charles H. Carter, from whom I presume you will hear in regard to this matter.

"Regretting that this occurrence has caused you any inconvenience, I am,

"Very truly yours,
"W. A. Condit,
"Vice-President."

"May 31, 1928.
"Mr. W. A. Condit, Vice-President,
"The Chesapeake and Potomac Telephone Co.,
of Baltimore City,
"108 E. Lexington St.,
"Baltimore, Md.

"Dear Sir:

"Thank you for your letter of May 29th. In order to keep the records straight, I would like to recall to your mind that you requested me to forbear bringing action in court against you until you had time to consult counsel, and I agreed to do this provided you would write me a letter which would relieve me from any defense of laches which you might otherwise have.

"The qualification in your last paragraph is quite correct in that I feel great confidence in my former partner, and do not think that he would knowingly deprive me of any professional preferment which I might otherwise obtain but for your mistake in the telephone book. However, you will apprehend that the entire good will of my firm name is made to appear in the telephone book as his property, whereas that was not the intention of our agreement. It is this unintentional transfer of my property to him of which I am complaining.

"I am sending a copy of this letter to Mr. Carter and am calling him on the telephone.

"Yours very truly,"

Defendant demurred to the bill and the court sustained the demurrer and dismissed the bill. From that decree this appeal was taken.

Pending the appeal and before argument, appellee filed a motion to dismiss the appeal on the ground that the controversy involved in the appeal had become moot by reason of the publication and distribution of a new issue of the telephone directory entitled "Fall Issue 1928," a copy of which was filed as an exhibit, wherein the errors complained of by appellant are corrected.

We think the motion should prevail. It is suggested by appellant that there is no assurance that defendant may not in another issue commit the wrong complained of. But as it is not alleged that the former publication was prompted by any malicious motive, and as it is apparent to us that it was the result of a mistake, we see no reasonable ground to anticipate such a possibility. *Whalen v. Dalashmutl,* 59 Md. 250. Nor do we think that the case should be remanded for the purpose of a trial on the question of damages. As to that, if an actionable wrong has been committed by defendant resulting in injury to plaintiff, there is an adequate remedy at law, and a court of equity should not retain jurisdiction for the sole purpose of trying a damage suit.

The appellee will be required to pay the costs, because the granting of its motion to dismiss the appeal has made it unnecessary to inquire into the merits of the suit, and the dismissal is based on an act of appellee performed after both the institution of the suit and the entry of the appeal.

*Appeal dismissed, appellee to pay the costs above and below.*

Parke, J., filed a concurring opinion as follows:

I concur in the result, since the defendant has corrected in the recent issue of its telephone directory the error in the preceding directory of which the plaintiff complained, and has disclaimed any intention of its future repetition; and any remedy the plaintiff may have for damages is at law. Under those circumstances, the granting of any writ against the defendant would be nugatory. *Miller's Equity Proc.,* sec. 611, pp. 715, 716.

Nevertheless, the fact that the defendant has removed the plaintiff's cause of complaint, subsequently to the institution of the proceedings and after the appeal taken by the plaintiff, does not, in my judgment, deprive the plaintiff of the substantial nature of his complaint, as the action of the defendant simply affected the plaintiff's right to a particular

558

remedy and did not change the nature of the injury alleged. The fact that the defendant had no wrongful motive does not make the unauthorized insertion or retention of a firm name in its telephone directory any the less a violation of the plaintiff's contractual rights, which entitled him, under the circumstances of this record, to a remedy in equity by way of injunction.

The remedy, however, should not be excessive, as, for instance, was the relief prayed for in the bill of complaint in the instant cause. To require the defendant to recall for the purpose of destruction or correction any copy or issue of the outstanding directory which retained the listing of the name of the dissolved partnership was too drastic, in view of the rights of other subscribers and the duty of the defendant as a public corporation to them, and the ability of the defendant to make the immediate correction by obvious methods of a simpler, cheaper, and practical nature.

The writer does not wish to imply that there is anything in the opinion of the court in conflict with the views here expressed, but this memorandum is written in the conviction that the views of the court on the merits should have been expressed.

Judge Digges agrees in the conclusion here stated.