BOARD OF EDUCATION OF MADISON COUNTY *et al. v.*
FOWLER *et al.,* trustees.

No. 13627. APRIL 16, 1941.

*Linton S. Johnson* and *J. T. Murray,* for plaintiffs in error.
*William T. Ray* and *Shackelford & Shackelford,* contra.

JENKINS, Justice. ■ Under our statutes, while in equity cases
"it is the province of the judge . . to determine upon whom
the costs shall fall" (Code, § 37-1105), and "this court will not
interfere unless [his] discretion has been abused" (*Hicks* v. *At-
lanta Trust Co.,* 187 *Ga.* 314 (2), 315, 200 S. E. 301, and cit.; *Fitz-
gerald* v. *Vaughn,* 189 *Ga.* 707 (3), 711, 7 S. E. 78), yet in all civil
actions at law, "except as otherwise provided, the party who shall
discontinue, *fail,* or be cast in such suit shall be liable for the costs
thereof." Code, § 24-3401. "The writ of mandamus is a com-
mon-law writ with which equity has nothing to do." *Gay* v. *Gil-
more,* 76 *Ga.* 725, 726; *Wheeler* v. *Walker,* 55 *Ga.* 256 (2), 258;
*Mayor &c. of Brunswick* v. *Dure,* 59 *Ga.* 803, 805; Code, §§ 64-101
et seq. Accordingly, the petition in this case by trustees of school
districts, against a county board of education, seeking only a man-
damus nisi and absolute, the case falls within the statutory rule
controlling civil actions at law.

■ The sole question presented by this bill of exceptions, brought
by the defendant members of the board of education, is whether
the judge in dismissing the petition properly assessed the costs
against them, where it appeared without dispute at the hearing
and the order recites that "defendants have complied with the
things sought to be compelled." On that question it is the rule
in this State that where, pending the suit, the defendant pays the
amount sued for, or effects a settlement by paying cash and giving
notes for the balance, the costs in the case become chargeable to
the defendant, in the absence of any contrary agreement between
the parties. *Wrenn* v. *Davis,* 139 *Ga.* 374 (77 S. E. 168) ; *Graham*
v. *Massengale Advertising Agency,* 4 *Ga. App.* 826 (62 S. E. 567).

These holdings accord with what seems the weight of outside authority, that "where . . the suit is dismissed because of some subsequent act by the defendant, making unnecessary a further prosecution of the suit, the plaintiff is entitled to costs." 14 Am. Jur. 11, § 14; 20 C. J. S. 319, 320, § 66, and cit.; Cicero Lumber Co. v. Cicero, 176 Ill. 9 (51 N. E. 758, 42 L. R. A. 696, 68 Am. St. R. 155). It has been so held, even though on the merits of the case the defendant *might* have prevailed, "the reason assigned being that settlement is equivalent to a confession of judgment." 15 C. J. 89, § 167, and cit. A like rule controls in the present case, where the purposes of the mandamus petition were accomplished by the subsequent acts of the defendants, thus obviating the necessity for further proceeding, since, under such circumstances, the defendants were the failing parties within the meaning of the statute. Therefore the court did not err in assessing the costs against them.

*Judgment affirmed. All the Justices concur.*