[Civ. No. 48108. Second Dist., Div. Two. Sept. 23, 1976.]

ANN LEWIN et al., Plaintiffs and Appellants, v.
BOARD OF TRUSTEES OF PASADENA UNIFIED
SCHOOL DISTRICT, Defendant and Appellant.

## Counsel

Levy, Koszdin & Woods and Henry R. Fenton for Plaintiffs and Appellants.

John H. Larson, County Counsel, and Donovan M. Main, Deputy County Counsel, for Defendant and Appellant.

## Opinion

**FLEMING, J.**—This is a proceeding in administrative mandate (Code of Civ. Proc., § 1094.5) to review a decision to the Board of Trustees of the Pasadena Unified School District not to re-employ 171 certificated employees for the school year 1974-1975. The trial court denied affirmative relief to petitioners, 24 probationary teachers who received termination notices, but ordered respondent board to pay petitioners' costs. Petitioners and respondent both appeal the judgment.

■ Education Code section 13447[1] provides that the governing board of a school district may reduce its staff of certificated employees due to a reduction in pupil attendance or reduction or discontinuance of a particular kind of service, but only in proportion to the reduction in attendance or services.[2] Because the number of employees may be reduced only when it is "necessary" to do so, the governing board must consider normal attrition in the work force as part of any reduction in employment. (*Burgess* v. *Board of Education* (1974) 41 Cal.App.3d 571, 578-579 [116 Cal.Rptr. 183].)

In March 1974, following a two-year decline in pupil attendance and in light of planned reductions in services, the board decided not to re-employ 171 certificated employees. The board notified 167 probationary teachers they would not be re-employed.

---

[1]Unless otherwise noted, all statutory references are to the Education Code.

[2]Section 13447 provides:

"No permanent employee shall be deprived of his position for causes other than those specified in Sections 13313, 13327 and 13338, and Sections 13403 to 13441, inclusive, and no probationary employee shall be deprived of his position for cause other than as specified in Sections 13442 and 13443, except in accordance with the provisions of Section 13319 and Sections 13447 to 13452, inclusive.

"Whenever in any school year the average daily attendance in all of the schools of a district for the first six months in which school is in session shall have declined below the corresponding period of either of the previous two school years, or whenever a particular kind of service is to be reduced or discontinued not later than the beginning of the following school year, and when in the opinion of the governing board of said district it shall have become necessary by reason of either of such conditions to decrease the number of permanent employees in said district, the said governing board may terminate the services of not more than a corresponding percentage of the certificated employees of said district, permanent as well as probationary, at the close of the school year; provided, that the services of no permanent employee may be terminated under the provisions of this section while any probationary employee, or any other employee with less seniority, is retained to render a service which said permanent employee is certificated and competent to render.

"Notice of such termination of services either for a reduction in attendance or reduction or discontinuance of a particular kind of service to take effect not later than the beginning of the following school year, shall be given before the 15th of May in the manner prescribed in Section 13443, and services of such employees shall be terminated in the inverse of the order in which they were employed, as determined by the board in accordance with the provisions of Sections 13262 and 13263 of this code. In the event that a permanent or probationary employee is not given the notices and a right to a hearing as provided for in Section 13443, he shall be deemed reemployed for the ensuing school year.

"The board shall make assignments and reassignments in such a manner that employees shall be retained to render any service which their seniority and qualifications entitle them to render."

This section applies to probationary as well as permanent teachers. (*Krausen* v. *Solano County Junior College Dist.* (1974) 42 Cal.App.3d 394, 405 [116 Cal.Rptr. 833]; *Karbach* v. *Board of Education* (1974) 39 Cal.App.3d 355, 361 [114 Cal.Rptr. 84].)

After an administrative hearing requested by the teachers in April 1974, the hearing officer found that the board miscalculated the number of employees authorized for termination pursuant to section 13447 and failed to allow for normal attrition. Taking into account staff attrition through February 1974, the officer concluded only 62 employees should be terminated. That number, said the hearing officer, should be reduced by the number of employees "who may have or will terminate their employment with the District for any reason, effective from March 1, 1974 the commencement of the 1974-75 school year." Evidence indicated that the previous school year 156 teachers and administrators voluntarily resigned their employment. As early as January 1974 the board was aware that fifteen teachers were scheduled for mandatory retirement at the end of 1973-1974 school year. By the time of the administrative hearing in April 1974, the board had accepted seven voluntary resignations and was considering four others, seventeen certificated employees had applied for early retirement, and one teacher had died.

In May 1974 the board rejected the hearing officer's proposed decision and reaffirmed its own decision to terminate 171 certificated employees.

In the trial court it was stipulated that the petition was moot as to all but two teachers, Mary Bensick and Alvin Natt, because the other petitioners subsequently accepted re-employment by the board, refused re-employment, retired, resigned, or accepted other employment. (Cf. *Gassman* v. *Governing Board* ▮ (Cal.App.).) Alvin Natt accepted re-employment, but not until after the commencement of the 1974-1975 school year and thus lost some salary.

The trial court found in accord with the hearing officer, and in disagreement with the board, that there was cause under section 13447 to terminate the services of only 62 certificated employees. The court made no findings on attrition, and therefore concluded that because petitioners Bensick and Natt were below number 62 in order of seniority, they were properly terminated. The court found the board did not act arbitrarily, capriciously, or in bad faith in deciding to terminate petitioners. In its

judgment the court denied the petition as to each petitioner and ordered respondent to pay petitioners' costs.[3]

Petitioners contend the evidence of projected attrition for the remainder of the 1973-1974 school year presented at the administrative hearing established that it was unnecessary for the board to notify any certificated employees of termination, that involuntary retirements and expected voluntary retirements and resignations alone would lower employment numbers to minimum level. We agree that the board must consider positively assured attrition, such as that which has already occurred in the computation period and mandatory retirements. In our view, however, the board should not be compelled to allocate future resources based solely on projections and estimates of other sorts of potential attrition. Before 15 March of each year the board must make its preliminary determination of the number of permanent employees not to be re-employed for the following year.[4] Board members are not soothsayers. Voluntary retirements, resignations, and deaths may occur —and they may not. Certificated employees cannot have it both ways: they cannot expect to receive early notice of termination and also to limit that notice by yet unknown later events.

*Burgess* v. *Board of Education, supra,* 41 Cal.App.3d 571, requires no different result. There the governing board contended normal attrition should be disregarded. The court rejected the contention: "It fails to consider that the governing board is directed by the Legislature to decrease the number of employees only when the reduction in average daily attendance itself has made it 'necessary' to do so. Ignoring normal attrition in certificated personnel results in a reduction of force not necessarily required by decline in average daily attendance. [¶] Thus we conclude that the Board, in determining the number of teachers that could be dismissed by reason of decline in average daily attendance, was required to consider the number of certificated employees who had departed the system in the computation period." (41 Cal.App.3d at pp. 578-579.) In *Burgess* there was evidence of attrition which had occurred through March of the current school year. But, since the governing board

---

[3]The issues currently in dispute in this case are matters of law, interpretation of statutes. In *Turner* v. *Board of Trustees* (1976) 16 Cal.3d 818 [129 Cal.Rptr. 443, 548 P.2d 1115], the Supreme Court held that a probationary teacher has no vested right to be rehired. Judicial review of factual determinations by the governing board is therefore limited to the substantial evidence test.

[4]Section 13443 requires that employees be given notice no later than 15 March that it has been recommended their services will not be required for the ensuing year. Final notice must be given by 15 May or the employees are deemed re-employed.

failed to give any consideration to attrition, the cause was remanded to the board for redetermination. The court in *Burgess* never reached the question of what evidence of attrition, past or future, the board must consider.

In the instant case it appears the board misinterpreted the statutes and ignored natural attrition. The hearing officer read the statute more accurately but overextended the requirement to consider attrition. The trial court, in denying relief to petitioners Bensick and Natt, failed to consider evidence of positively assured attrition, involuntary retirements for the 1973-1974 school year which were known to the board when it made its preliminary determination on 15 March pursuant to section 13447 and when it made its final determination on 15 May. As to those two petitioners, the cause must be remanded to the trial court for further consideration and findings. As to the remaining petitioners, their cause was stipulated to be moot in the trial court, and their appeal must be dismissed.

Respondent, on its cross-appeal, contends the trial court erred in awarding costs to petitioners. The right to recover costs is entirely statutory. (*Moss* v. *Underwriters' Report, Inc.* (1938) 12 Cal.2d 266, 274 [83 P.2d 503].) Code of Civil Procedure section 1094.5, subdivision (a), provides in part: "If the expense of preparing all or any part of the record has been borne by the prevailing party such expense shall be taxable as costs."

And Code of Civil Procedure section 1095 provides in part: "If judgment be given for the applicant, he may recover the damages which he has sustained, . . . as may be determined by the court . . . together with costs . . . ." Respondent argues that petitioners were not the prevailing parties, judgment went against them, and therefore they were not entitled to costs.

We disagree. The trial court found that the board erred in terminating more than 62 certificated employees. Petitioners prevailed on this point. A number of petitioners would have been entitled to relief, would have had judgment, but for the actions of respondent in re-employing them and rendering their petition moot. Respondent is thus estopped to complain of the award of costs. There appears to be no California authority on point for administrative mandamus proceedings, but ample authority from this and other jurisdictions supports the general proposi-

tion that where the litigant who prevails on the law is denied affirmative relief only because belated conduct of the opposing litigant renders moot the need for judicial relief, the prevailing litigant is entitled to its costs. (*George* v. *Beaty* (1927) 85 Cal.App. 525, 532 [260 P. 386]; *Board of Education of Madison County* v. *Fowler* (1941) 192 Ga. 35 [14 S.E.2d 478]; *Cicero Lumber Co.* v. *Town of Cicero* (1898) 176 Ill. 9 [51 N.E. 758]; *Rosenthal* v. *Shepherd Broadcasting Service* (1938) 299 Mass. 286 [12 N.E.2d 819, 114 A.L.R. 1502]; *Baldwin* v. *Chesapeake & Potomac Telephone Co.* (1929) 156 Md. 552 [144 A. 703]; *Ficklen* v. *City of Danville* (1926) 146 Va. 426 [132 S.E. 705].) Respondent cannot escape statutory liability for costs merely by granting the relief prayed for by the petition before the court has the opportunity to rule on the petition.

The appeal of all petitioners but Bensick and Natt is dismissed. That part of the judgment awarding costs is affirmed. That part of the judgment finding that petitioners Bensick and Natt were properly terminated is reversed, and the cause is remanded to the trial court for further consideration and findings in accordance with this opinion.

Petitioners are entitled to costs on both appeals.

Roth, P. J., and Beach, J., concurred.

A petition for a rehearing was denied October 20, 1976, and the petition of the defendant and appellant for a hearing by the Supreme Court was denied December 2, 1976.