## CLARK v. LANIER.

1. Where upon a petition alleging that, by the erection and maintenance of a dam, certain described land of the plaintiff and the timber thereon had been rendered worthless and of no value, a recovery was had, the plaintiff could not maintain against the defendant another action, subsequently brought, the petition in which set forth the same facts as to the injuries sustained and the cause thereof, and made the same claims for damages alleged to have resulted therefrom.

2. This case upon its facts is controlled by the rule above announced, and there was no error in denying a new trial.

Submitted January 18, — Decided April 13, 1898.

Complaint for damages. Before Judge Gamble. Bulloch superior court. January 29, 1897.

In 1892 Mrs. Melvina Clark brought a suit against M. B. Lanier in the superior court of Bulloch county. The petition was as follows: "The petition of Melvina Clark shows that

she has sustained damage of M. B. Lanier of said county, and alleges as follows: (1) That she is the owner of a tract of land in the 46th dist. G. M., of said county, lying on the west side of Lott's creek and bounded by the lands of James J. Woods, M. B. Lanier, and others, and containing 146 acres. (2) That M. B. Lanier did in the year 1889, and still has there erected, a dam across the waters of Lott's creek on lands adjoining your petitioner, and by consequence thereof the water in said creek has been made to pond back over and submerge about twenty acres of the lands of your petitioner above described, and of great benefit and value to your petitioner, rendering same of no value to petitioner, and that in consequence of such submergence a large portion of the said land, though not actually covered by water, has been rendered worthless by the water percolating and sapping through same, saturating the soil, rendering it soggy, wet, damp, and of no value to petitioner. (3) That in consequence of such submergence, all the timber on said land, of great value, has died and become of no value to petitioner; and furthermore the home of your petitioner, once noted for its health, has now, by reason of the backwater, dying and decaying timbers on said land (it being near her said home), has been rendered sickly, undesirable, and unsalable, and of little or no value to your petitioner, in all to her damage $1,000.00, for which she prays judgment. (4) And your petitioner would further show, that the said M. B. Lanier is now engaged in building said dam to a greater height, giving it more strength, and causing the water in pond to submerge still more of the land of your petitioner, which will result in the utter ruin of said land ; therefore your petitioner prays for a perpetual injunction, restraining said M. B. Lanier from building said dam to a greater height, and furthermore that this honorable court order and decree that the said M. B. Lanier, in addition to the damages above prayed for, lower the dam in such manner as to drain the water entirely from the lands of your petitioner; and that such other and further relief be granted her as shall be in accordance with equity and good conscience. And your petitioner prays process may issue, requiring the said M. B. Lanier to be and appear at the next

superior court to be held in and for said county, to answer your petitioner's complaint." To this suit the defendant filed the plea of the general issue; and upon the trial of the case the plaintiff obtained a verdict for one hundred dollars.

In 1895 Mrs. Melvina Clark brought another suit against M. B. Lanier, in the same court, the petition in which suit was as follows: "The petition of Melvina Clark shows that she has sustained damage of M. B. Lanier, of said county, and alleges: (1) That she is the owner of a tract of land in the 46th district G. M., of said county, lying on the west side of Lott's creek and bounded by the lands of James J. Woods, M. B. Lanier, and others, and containing 143 acres. (2) That M. B. Lanier did in the year 1889 erect, and still has erected, a dam across the waters of Lott's creek on lands adjoining your petitioner, and in consequence thereof the water in said creek has been made to pond back over and submerge about twenty acres of the land of your petitioner above described, and of great value and benefit to your petitioner, rendering the same of no value to petitioner; and that in consequence of said submergence a large portion of said land, though not actually covered, has been rendered worthless by the water percolating and sapping through the same, saturating the soil, and rendering it soggy, wet, damp, and of no value to petitioner. (3) That in consequence of such submergence all the timber on said land, of great value to your petitioner, has died and become of no use or value to petitioner. And furthermore the home of your petitioner, once noted for its health, has now, by reason of the backwater, dying and decaying timber on said land (it being near the home of your petitioner), been rendered sickly, undesirable, and unsalable, and of little or no value to petitioner, in all to the amount of damage to petitioner the sum of five hundred dollars, for which she prays judgment. Wherefore your petitioner prays process may issue, requiring the said M. B. Lanier to be and appear at the next superior court to be held in and for said county, to answer your petitioner's complaint." Defendant, among other things, pleaded that this last suit was barred by reason of the former recovery, and put in evidence the record of the former suit. Upon the trial the court charged the jury that, "Where

there is a perfect identity in both suits as to the plaintiff's right, the defendant's wrong, and the plaintiff's damages, the former suit is a bar to the second suit." The jury found in favor of the defendant; and the plaintiff made a motion for a new trial, upon the grounds, that the verdict was contrary to law and evidence, that the court erred in overruling the motion of plaintiff to strike the plea of former recovery, and in charging as above stated. The motion for a new trial was overruled, and the plaintiff excepted.

*Cason & Everitt*, for plaintiff.
*Brannen & Moore*, for defendant.

FISH, J. The question for consideration is, whether the recovery in the former suit was a bar to the last action. By comparing the two petitions, which are fully set forth in the reporter's statement of the case, it will be seen that, with the exceptions that the first petition prays for equitable relief and the second does not, and the difference between the amounts of damages sued for, the two suits are identically the same. As there was no evidence whatever introduced upon the trial of the last case to support the allegations with reference to damage to the plaintiff's home, by reason of injury to its healthfulness, etc., our inquiry will be confined to the question, whether the recovery by the plaintiff in the first suit debarred her from recovering in the second one for damages to the land and timber. We are clearly of opinion that it did. In the first suit it was alleged that, in consequence of the erection and maintenance of the dam by the defendant, certain described land of the plaintiff and the timber thereon had been rendered worthless and of no value, "in all to her damage $1,000.00," for which she prayed judgment. These allegations made this first suit an action for the recovery of the *entire* damages, resulting to the plaintiff's land and timber described in the petition, by reason of the erection and maintenance of the dam by defendant. The nuisance and the damage inflicted thereby were treated as permanent, and when plaintiff recovered in such action, her right to maintain another suit for damages from the same cause to the same property was barred. The

jury, under the evidence, was bound to find that the causes of action in the two cases were identical. Counsel for plaintiff in error cites the case of *Danielly* v. *Cheeves*, 94 *Ga.* 263. The principle governing the case at bar is expressly recognized there; for Justice Lumpkin said: "If, however, at any period in the past, the effect of the nuisance has been to destroy wholly and permanently the fertility of the land, so that even abating the nuisance would not restore the land and render it again fertile and fit for cultivation, the right to maintain successive actions relatively to subsequent years ceased at that period." He also said in that case: "It does not appear that in any of the suits the plaintiff seeks to recover the value of his land upon the theory that it had been rendered totally worthless for all purposes and consequently was of no value whatever." Following that rule, we now hold that the petition of Mrs. Clark, in her first suit, substantially alleged that the effect of the erection and maintenance of the dam by the defendant was to render worthless and valueless the land and the timber. If this were true, then even abating the nuisance would not have restored worth and value to the land and timber; and as in the first action she sued for the entire damage to the property, her recovery therein must be a bar to any subsequent suit by her against the defendant for the same damages. See *Troy* v. *Railroad Co.*, 3 Fost. (N. H.) 83; also, *City Council of Augusta* v. *Lombard*, 101 *Ga.* 724, where many cases are cited sustaining the principle controlling the case at bar. There was no error in the charge complained of, the verdict was demanded by the law and evidence, and the court did right in overruling the motion for a new trial.

*Judgment affirmed. All concurring, except Cobb, J., absent.*