## CANDLER, Governor, *v.* KIRKLAND.

When a writ of scire facias to forfeit a criminal recognizance expressly recited that the principal was obligated to appear at the superior court of a named county, to answer to a designated charge, a demurrer to " the proceedings " in such a case, based on the ground that the bond therein referred to " is void upon its face, for the reason that the principal . . is not bound to appear at a certain place, but is bound only to appear at the next term of the superior court," was not well taken. It was not proper to look to the bond itself (a copy of the same not being attached to the writ of scire facias), nor to any aliunde evidence, but the demurrer should have been passed upon solely with reference to the recitals in that writ.

Submitted December 10, — Decided December 19, 1900.

Scire facias to forfeit recognizance.    Before Judge Dart.    City court of Douglas.    May term, 1900.

*Levi O'Steen, solicitor,* and *Quincey & McDonald,* for plaintiff.

FISH, J. This was a proceeding, in the city court of Douglas, to forfeit a criminal recognizance given by N. H. Hollingsworth, principal, and Harrison Kirkland, surety. Kirkland demurred "to the proceedings" in the case, on the ground that the bond therein referred to "is void upon its face, for the reason that the principal . . is not bound to appear at a certain place, but is bound only to appear at the next term of the superior court." The court sustained the demurrer, and the plaintiff excepted. We think the judgment of the court manifestly erroneous. It was expressly recited in the scire facias that the condition of the bond was that Hollingsworth should appear at the next term of the superior court of Coffee county, Georgia, and from term to term thereof until discharged by law, to answer any indictment the grand jury might prefer against him for disturbing divine worship at the A. M. E. Church at Wilsonville, Georgia; and no copy of the bond was attached thereto. The scire facias was not open to the demurrer made, because it recited that the principal in the bond was obligated to appear at the next term of the superior court of Coffee county, Georgia, to answer a designated criminal charge. In passing upon the demurrer, neither the bond nor any aliunde evidence could be considered, as the sole office of the demurrer was to test the legal sufficiency of the scire facias, and the court could not look beyond that writ. *Constitution Pub. Co.* v. *Stegall,* 97 *Ga.* 405; *Augusta & Savannah R. Co.* v. *Lark,* Ib. 800; *Chicago Building Co.* v. *Talbotton Co.,* 106 *Ga.* 84. If upon the trial it should be necessary to explain an ambiguity in the bond, then the affidavit, warrant, commitment, etc., might be considered. See *Colquitt* v. *Bond,* 69 *Ga.* 351; *Sasser* v. *McDaniel,* 73 *Ga.* 547. *Judgment reversed. All the Justices concurring.*