BUSH *v.* LITTLE, executrix, *et al.*

ATKINSON, J. 1. There was no motion for a new trial in this case. The plaintiff in error comes by direct bill of exceptions and assigns error on the rejection of certain testimony from evidence. It was stated in the bill of exceptions, that, "with this evidence ruled out, plaintiff . . conceded that she had not made out a case, . . and conceded that under the evidence as it stood that the court would have to direct a verdict against her; . . and this the court did." There was no exception whatever to the verdict. *Held,* that the judgment directing the verdict was the final judgment of the court upon the issues as made by the pleadings and the evidence; and there being no exception to that judgment, the Supreme Court will not rule upon the assignment of error relating to exclusion of evidence. *Harrell* v. *Tift,* 70 *Ga.* 730; *Lyndon* v. *Georgia Railway & Electric Co.,* 129 *Ga.* 353 (3) (58 S. E. 1047).

2. The decree based on the verdict apportioned the costs, the greater portion of which was taxed against the plaintiff in error. This decree generally, and especially the part of it relating to the taxing of costs, was excepted to on the ground that it showed an abuse of discretion, because some of the parties were relieved from paying any part of the costs, and the plaintiff in error, who had sustained her right to the property set apart as a year's support, was required to pay therefrom all the costs except a comparatively small fractional part. This case

being in equity, it was in the province of the judge to determine upon whom the costs should fall. The apportionment of costs as made does not show an abuse of discretion. Civil Code, § 5423; *Lowe* v. *Byrd,* 148 *Ga.* 388 (5) (96 S. E. 1001), and cit. The case differs on its facts from *Hamilton* v. *DuPre,* 103 *Ga.* 795 (30 S. E. 248).

*Judgment affirmed. All the Justices concur.*

No. 7320. SEPTEMBER 18, 1930.

*R. Douglas Feagin,* for plaintiffs in error.

*Martin, Martin, Snow & Gillen* and *Jones, Jones, Johnston & Russell,* contra.

*Judgment affirmed. All the Justices concur, except Russell, C. J., disqualified.*