240

JENKINS, P. J. This is a suit against a municipality for diminution in the market value of a house and lot on account of the grading of an adjoining street as a "State-aid road" by the State Highway Department and Meriwether county, and the consequent lowering in the grade of another street also adjoining the plaintiff's property and leading into the State highway. The original petition was based on the theory that the city, in ordering, directing, and consenting to the grading of these streets, was liable as a joint tort-feasor. By amendment it was alleged that the work was done by the county under the supervision of the State Highway Department, but with the knowledge and agreement of the city, under a resolution signed by the mayor and council and recorded on its minutes, in which the city did "guarantee to the State Highway Department of Georgia and the County of Meriwether any and all rights of way" necessary to the proper construction of the road in question, and agreed "to defend any and all suits if any should arise, at the entire expense of the town, and to pay from the funds of the town or municipality any and all awards and judgments that may be made or had under or as a result of such suits," and further agreed "to save harmless the State Highway Department and the County of Meriwether from any and all claims for any damages, . . whether said damages arise as a result of construction on said right of way, or drainage, change of grade, . . or any cause whatsoever." There was evidence supporting the averments of the petition as to the resolution and the damage claimed; but there was no evidence as to any participation by the city in the actual work of lowering the grade levels, other than the incidental lowering of its water mains, pipes, sewers, and flush tanks to meet the requirements and the grade established by the Highway Department. There was no testimony as to what particular part of the alleged decrease in value resulted from the grading of the street leading into the State highway. *Held:*

1. The State Highway Board, on its own initiative or acting through a county, has the legal right to extend and improve a "State-Aid" road through the streets of a municipality without the consent of the municipality and even against its will. *Lee County* v. *Smithville,* 154 *Ga.* 550 (115 S. E. 107); *Green* v. *State Highway Board of Ga.,* 172 *Ga.* 618 (158 S. E. 329); *Mitchell County* v. *Cochran,* 162 *Ga.* 810, 812 (134 S. E. 768).

2. Whatever is done by authority of law, if done as the law directs or authorizes, is not a nuisance. A contract or resolution by which a city authorizes the State Highway Department and a county to use and improve a city street for a State highway is not ultra vires or otherwise illegal. *Faver* v. *Mayor &c. of Washington,* 159 *Ga.* 568 (126 S. E. 464), *City of Washington* v. *Faver,* 155 *Ga.* 680 (5), 687 (117 S. E. 653). Where damage on account of decrease in market value of an adjoining lot results from the grading of a street constituting such a highway, or in the necessary grading or leveling of that portion of a street which joins the highway, the city would not be liable on the theory that it was a joint tort-feasor in directing or participating in a

nuisance. Where private property is thus taken or damaged, such remedy as would lie against the city, or against the county with voucher of the State Highway Department (see *Felton Farm Co.* v. *Macon County*, 49 *Ga. App.* 239, 175 S. E. 29; *Page* v. *Washington County*, 48 *Ga. App.* 791, 173 S. E. 868), or against the Highway Department (see *Tounsel* v. *State Highway Dept. of Ga.*, 180 *Ga.* 112, 178 S. E. 285; *Felton* v. *State Highway Board*, 47 *Ga. App.* 615, 171 S. E. 198), would exist, not because of any nuisance or similar tort, but by virtue of the constitutional provision that "private property shall not be taken, or damaged, for public purposes, without just and adequate compensation being first paid." Code 1933, § 2-301; *City Council of Augusta* v. *Lamar*, 37 *Ga. App.* 418 (140 S. E. 763); *Felton Farm Co.* v. *Macon County*, supra.

3. An action can not be maintained against a city, in a. case such as that above stated, for damage from the creation or improvement of a State highway through the municipality by the State Highway Department and ·a county acting under its direction, upon the theory that the city was the principal in the acts of the Highway Department and the county, in damaging private property without 'first paying proper compensation, since the principal in such acts was the State Highway Department. *Norris* v. *State Highway Dept.*, 42 *Ga. App.* 699 (1), 701 (157 S. E. 382).

(*a*) Accordingly, in the instant case, if any liability would exist against the city because of damage to the property of the plaintiff, it would necessarily have to arise from the indemnifying resolution or agreement, by which the city promised "to save harmless the State Highway Department and the county" from any claims for damages arising from "construction on said right of way" or a "change of grade." Whether the petition as amended be construed as sounding ex contractu or ex delicto, the action was not maintainable upon this theory, since the indemnifying agreement neither expressly nor impliedly provided for suits by injured persons directly against the city, but contemplated suits against the county or State Highway Department, and agreed "to save [them] harmless from any claims for damages; and since it is the general rule that a contract of indemnity inures to the benefit of the indemnitee alone, or some one in his right, and does not entitle a third person, having a claim against the indemnitee, to proceed on the contract directly against the indemnitor, even though the claim and right of action grow out of the subject-matter of the indemnity which is covered by the contract in favor of the indemnitee. 31 C. J. 428, and cit.

4. With regard to any diminution in market value from the grading or levelling of the street joining the State highway, it appears that such work in this case being necessary to and essentially a part of the highway construction itself,—as was not the situation in the case of *Town of Cleveland* v. *Kimsey*, 34 *Ga. App.* 481 (130 S. E. 159), the city's liability for this element of damages would be controlled by the preceding rules. However, even if, under the law and the facts, the grading on this connected street should not be so treated, the testimony failed to show what, if any, part of the decrease in value resulted from this

242

grading independently of the grading on the State highway adjoining the lot of the plaintiff.

5. The court did not err in granting a nonsuit.

*Judgment affirmed. Stephens and Sutton, JJ., concur.*

DECIDED MAY 9, 1935.

*R. A. McGraw, N. F. Culpepper,* for plaintiff.
*J. B. Hatchell, Atkinson & Allen,* for defendant.