24831.   CITY OF LAFAYETTE *v.* HEGWOOD.

DECIDED NOVEMBER 25, 1935.

*S. W. Fariss, G. W. Langford,* for plaintiff in error.
*Rosser & Shaw, Wright & Covington,* contra.

GUERRY, J.   W. P. Hegwood, on January 18, 1935, filed suit against the City of LaFayette. His original petition alleged as follows: "Petitioner further shows to the court that the said City of LaFayette has heretofore, at a time unknown to your petitioner, caused to be constructed across the said Town Creek a 12-inch water-main, the same being placed under a bridge crossing said creek at Cove Street in such manner as to dam and obstruct the flow of said stream and to dam and pond the waters from said

stream upon the land of your petitioner whenever there is any large flow of water in said creek by normal and usual rainfall. . . Petitioner shows that said condition of so ponding said water upon the lands of your petitioner constitutes and is a continuing nuisance, and has depreciated and damaged and destroyed the value of the property of your petitioner as hereinafter set forth. . . Petitioner further shows to the court that said pipe having been placed across said stream, in the manner aforesaid, by the said City of LaFayette, and under the bridge across said stream upon Cove Street, and prevents the flow of the free flow of the passage of the water of said Town Creek at such times as there is any material fall of rain above the property of your petitioner upon said creek."

By amendment the plaintiff struck from the original petition the allegations of damages, and substituted the allegations hereinafter set forth. He also added the following: "That heretofore, to wit, about the year 1914, the City of LaFayette constructed over Town Creek, along Cove Street a bridge, the same being built of concrete and leaving thereunder a circular opening for the flow of water thereunder, and that thereafter, about the year 1916, said city constructed under said bridge and across said opening under said bridge two pipes, one being a water-pipe and the other a sewer-pipe, the same being approximately 10 to 12 inches in diameter each, and extending entirely across the opening in said bridge between the bottom of the bridge and the surface of the water in said creek. . . Petitioner shows that thereafter, to wit, about 15 years ago, the City of LaFayette constructed alongside said bridge a sidewalk, which also bridged said creek, and which bridge over said sidewalk was lower than the bridge over said creek, and further reduced the opening available for the flow of said water under said street. . . Petitioner shows that thereafter, about 7 years ago, the City of LaFayette caused to be raised the level of said Cove Street on either side of said bridge, bringing the level of said street up to the level of the floor of said bridge, the level of said street theretofore having been 3 or 4 feet lower on each side of said bridge than the floor of said bridge, said street being paved at said time, and said raising of said street causing the water which had theretofore run over and across said street to be forced back and on to the property of your petitioner. . . Petitioner

shows that the last seven years the City of LaFayette has permitted the bed of said stream to fill up with rock, gravel, and sand, to a depth of approximately two feet, so as to cause the opening under said bridge and sidewalk to carry less water than prior thereto, and has failed to clear said opening to its original depth. . . Petitioner shows that all of said acts of said city and the said several obstructions or bridges, pipes, sand, gravel, and sidewalk, as hereinbefore set forth in this amendment, as well as in the original petition, caused the water to back and pond upon the property of your petitioner, as therein alleged." The allegations of damage were as follows: "Petitioner shows to the court that said property had a reasonable market value of the sum of $4000 prior to the creation of said nuisance; that by reason of the existence of said nuisance and the ponding of said water, as aforesaid, the reasonable market value of said property for rental purposes has been totally destroyed; that prior to said nuisance, said property had a reasonable rental value of $360 per annum, and at the present time and since the creation of the nuisance, and continuing as long as said nuisance continues, said property will have a rental value of only $180 per year, and petitioner has been injured and damaged by reason of the loss of the rental upon said property and the maintenance of said nuisance as aforesaid, and the depreciation in the market value of said property, in the sum of $3000."

The city filed a motion to dismiss, as follows: "That it is apparent on the face of the plaintiff's petition together with amendments thereto that the suit is barred by the statute of limitations." This motion was overruled, and defendant excepted.

We are of the opinion that the judgment was error. Assuming, but not deciding, as unnecessary for a decision here, that the petition alleges acts constituting a nuisance and one for which the defendant is liable, the petition, when its allegations are construed most strongly against the pleader, complains of the *creation* of a nuisance which, at best, was created more than seven years before the filing of this suit, and treats it as permanent, and sues for damages appropriate in such action, and not for damages for an abatable continuing nuisance. The identical damages alleged, and the same cause of action, accrose to the plaintiff seven years ago, upon the flooding of his lands by the raising of the street by the City. Treating the act as permanent and suing for appropriate

damages, it was necessary that the action be brought within four years from the date the nuisance was created. As was said in *City Council of Augusta* v. *Lombard*, 101 *Ga.* 724, 727 (28 S. E. 994), "A nuisance permanent and continuing in its character, the destruction and damage being at once complete upon the completion of the act by which the nuisance is created, gives but one right of action, which accrues immediately upon the creation of the nuisance, and against which the statute of limitations begins, from that time, to run." The allegation "that said condition of so ponding said water upon the lands of your petitioner constitutes and is a continuing nuisance, and has *depreciated and damaged and destroyed the value* of the property of your petitioner," and the prayer for damages for depreciation in the market value of the land, and for past and future depreciation in rental value (it is not, however, here held that both would be recoverable items of damages), which latter allegation would seem to be merely descriptive of the averments as related to the permanent damage done to the property, clearly show that the action as brought is barred under the above ruling, and under the Code of 1933, § 3-1001, as follows: "All actions for trespass upon or damages to realty shall be brought within four years after the right of action accrues." See *Clark* v. *Lanier*, 104 *Ga.* 184 (30 S. E. 741). The judge erred in overruling the motion to dismiss.

*Judgment reversed.* *Broyles, C. J., and MacIntyre, J., concur.*