26192.   TAYLOR *v.* RICHMOND COUNTY *et al.*

DECIDED MARCH 18, 1938.

*Paul T. Chance,* for plaintiff.

*Isaac S. Peebles Jr., William T. Gary, W. Glenn Thomas,* for defendants.

GUERRY, J.   Mrs. Lizzie Taylor, individually and as administratrix of the estate of J. Z. Taylor, owned certain property lying within the City of Augusta, which she alleges has been damaged by the construction of a certain bridge and its approaches on Broad Street at a point where said street crosses a canal in that city. She alleges that said street is a State-aid road, designated as State Highway No. 52, and controlled by the State Highway Department. In this action she names the State Highway Department, the County of Richmond, and the City of Augusta as defendants. As to the State Highway Department she alleges: "Plaintiff further shows that under article 5, sec. 2, provision 5, of the act of the General Assembly of Georgia, approved August 18, 1919 (Ga. Laws 1919, p. 242), she is entitled to have the State Highway Department of Georgia vouched into this case as a defendant by the other defendants herein, in order that said State Highway Depart-

ment of Georgia may defend, or take such other action herein as the law provides. Wherefore, plaintiff prays judgment for her damages sustained; and that the State Highway Department of Georgia be served and made a party defendant herein in the manner pointed out by said statute, and that process of said court do issue directed to the other defendants, the city council of Augusta, Georgia, and Richmond County, requiring them to be and appear at the next term of this court to answer this complaint." It appears that the County of Richmond and the City of Augusta were served, appeared, and filed demurrers. By amendment the plaintiff alleged: "The plaintiff's claim and cause of action as herein set out, is one for which the defendant Richmond County would have been liable under existing laws, and said defendant, in accordance with the provisions of said act of 1919 and the prayers of plaintiff's petition, did, on or about September 6, 1936, vouch into this case as a defendant, the State Highway Department of Georgia, by serving it with notice to defend said suit, together with a copy of plaintiff's petition and process attached, and the defendant State Highway Department of Georgia is now a defendant in this case as contemplated by the provisions of said act. That under the provisions of article 6, section 3 of said act of 1919, plaintiff has no other remedy or method of procedure whereby she can enforce her claim, and plaintiff is restricted to the method of procedure adopted by her, under the provisions of said act."

The State Highway Department did not appear and plead. The judge sustained the demurrer of the County of Richmond and City of Augusta and dismissed the action. Exceptions are taken to that ruling in this court.

■ The judge properly ruled that the petition did not set out a cause of action against the City of Augusta, and properly dismissed the petition as to this defendant. The petition merely alleges that the City of Augusta "co-operated and assisted in the construction of said bridge by consenting and agreeing to the adoption of said thoroughfare as a part of said State-aid road, and agreeing to the erection of said bridge as a part thereof; that said city council of Augusta co-operated and assisted in the construction of said bridge, by building a temporary bridge alongside the new bridge, to be used by the public while the new bridge was under construction." In this connection, it is pointed out in

*Perkerson* v. *Greenville,* 51 *Ga. App.* 240 (180 S. E. 22), that since the State Highway Department may, on its own initiative or acting through a county, extend and improve a "State-aid" road through the streets of the municipality without the consent of the municipality and even against its will, that mere consent of the municipality to the adoption of the street of the municipality as a State-aid road, and improving the same by building a bridge thereon, would not make it liable for the taking or damaging of private property under our constitution, in the construction of such road or bridge. The petition does not allege that the temporary bridge built by the city during the progress of the work in any way caused the damage complained of.

■ Under the decision of the Supreme Court in answer to a certified question in this case, the county wherein the property is taken or damaged for public use is primarily liable therefor, with the right of the county to vouch the State Highway Board into court; and this is true although it appears that in fact the county took no part in the construction of said bridge or its approaches, but that the same was done solely by the State Highway Department through its employees, and the same was within the confines of a municipality. *Taylor* v. *Richmond County,* 185 *Ga.* 610 (196 S. E. 37). Under this ruling the trial judge erred in sustaining the demurrer filed by the county and in thereafter dismissing the case.

*Judgment reversed. Broyles, C. J., and MacIntyre, J., concur.*