28418. HABERSHAM COUNTY *v.* KNIGHT.

Decided November 27, 1940.

*Bynum & Frankum, Lamar Murdaugh, C. E. Jackson,* for plaintiff in error.

*George Starr Peck, Irwin R. Kimzey,* contra.

STEPHENS, P. J. (After stating the foregoing facts.) The plaintiff brought suit against the county to recover for the depreciation in the value of her land as the result of the completed project. She did not sue to recover for any damages sustained as a result of an abatable, temporary, or continuing nuisance. The allegations as to the felling of valuable trees upon the plaintiff's land, and causing damage to the spring thereon, that as a result of the construction of the project the pond on the land has been polluted and has thus destroyed the only satisfactory and dependable water supply on the land, and that on account of the construction of the road increased amounts of water have been thrown into the stream running through her land, which have caused washing and erosion of her land and have caused the stream to become impure, are but allegations of fact illustrative of the character of the injuries and damage to the plaintiff's land. The trees, the stream through the plaintiff's land, and the spring thereon are parts of the land itself. These allegations are proper, and are not subject to demurrer on the ground that by such allegations the plaintiff is seeking to recover damages to personalty or to recover damages for a temporary or abatable nuisance. See *Gwinnett County* v. *Allen,* 56 *Ga. App.* 753 (194 S. E. 38) ; *State Highway Board* v. *Shierling,* 51 *Ga. App.* 935 (181 S. E. 885). As alleged, the plaintiff was damaged in the depreciated value of her land by the construction by the highway department of the State-aid road referred to in the petition. "Where private property is thus taken or damaged, such remedy as would lie against the city, or against the county with

voucher of the State Highway Department . . or against the Highway Department . . would exist, not because of any nuisance or similar tort, but by virtue of the constitutional provision that 'private property shall not be taken, or damaged, for public purposes, without just and adequate compensation being first paid.' Code, § 2-301." *Perkerson* v. *Greenville*, 51 *Ga. App.* 240 (180 S. E. 22).

"The State Highway Department shall not be liable under existing laws for damages accruing on such additional State-aid roads taken into the system under this law, until construction thereon has been begun under the direction of the State Highway Board and such additional State-aid roads opened to traffic by the said board." Code, § 95-1712. A cause of action for damage and injury to a landowner resulting from a permanent construction by the State Highway Department accrues upon the completion of the entire project and its opening to traffic by the board. *Felton* v. *Macon County*, 43 *Ga. App.* 651, 654 (159 S. E. 782). It appears from the petition that the construction of the road which the plaintiff claims caused the injury and damage sued for was completed on November 24, 1937. This is the date the cause of action accrued. The plaintiff having filed the petition to recover for such damage on November 22, 1938, it appears that suit was brought within twelve months of the accrual of the right of action. This is a compliance with the Code, § 23-1602, which declares that "All claims against counties must be presented within twelve months after they accrue or become payable, or the same are barred." "The bringing of a suit against the county within twelve months from date of the accrual of the cause of action is a sufficient presentation of the claim within the meaning of the Code, § 23-1602. *Dement* v. *DeKalb County*, 97 *Ga.* 733 (25 S. E. 382). The petition alleges that the suit is brought within twelve months from the time of the injury and damage." *Taylor* v. *Richmond County*, 57 *Ga. App.* 586 (3) (196 S. E. 303). The petition set out a cause of action, and the court did not err in overruling the general and special demurrers.

*Judgment affirmed. Felton, J., concurs. Sutton, J., disqualified.*