### WALDEN *v.* S. M. WHITNEY COMPANY INC.

No. 15430. JUNE 4, 1946. REHEARING DENIED JULY 5, 1946.

66

*Casey Thigpen,* for plaintiff.

*Gordon Lanier* and *Albert G. Ingram,* for defendant.

ATKINSON, Justice. (After stating the foregoing facts.) ■ A motion was filed in this court by Whitney Company to dismiss the writ of error, on the ground that M. C. Barwick, one of the original defendants in the trial court, and a defendant in error when the

case was previously before the Supreme Court, is not named a defendant in error, and that Barwick is interested in sustaining the judgment taxing costs against Mrs. Walden, since any judgment for costs in favor of Mrs. Walden would be a charge against both of the original defendants in error.

There is no merit in the motion to dismiss the writ of error. The only exception now under review is to a judgment overruling a motion of Mrs. Walden to tax against Whitney Company the costs of previously taking the case to the Supreme Court, and taxing the costs against the movant. A bill of exceptions will not be dismissed because a party in the trial court who is not interested in the judgment excepted to is not made a party defendant in error. Code, § 6-1202; *Johnson* v. *Giraud,* 191 *Ga.* 577 (13 S. E. 2d, 365). While Barwick was an original party in the case, the question of whether the costs should be taxed against him was not raised by the motion to tax costs against Whitney Company, and therefore he was not a necessary party to the present bill of exceptions.

■ While in all civil actions at law, "except as otherwise provided, the party who shall discontinue, fail, or be cast in such suit shall be liable for the costs thereof" (Code, § 24-3401; *Board of Education of Madison County* v. *Fowler,* 192 *Ga.* 35 (14 S. E. 2d, 478), under our statutes in equity cases "it is the province of the judge . . to determine upon whom the costs shall fall (Code, § 37-1105; *Bush* v. *Little,* 171 *Ga.* 206 (2) 154 S. E. 886), and "this court will not interfere unless [his] discretion has been abused." *Hicks* v. *Atlanta Trust Co.,* 187 *Ga.* 314 (2), 315 (200 S. E. 301), and citations; *Fitzgerald* v. *Vaughan,* 189 *Ga.* 707 (3), 711 (7 S. E. 2d, 78) ; *Sangster* v. *Toledo Manufacturing Co.,* 193 *Ga.* 685 (7) (19 S. E. 2d, 723).

This case being in equity, the only question is whether the trial court abused its discretion in taxing the costs. When the case was previously before this court, Whitney Company, plaintiff in the trial court and one of the defendants in error in the previous proceeding, voluntarily dismissed its action in the trial court, and on motion of Whitney Company the writ of error in this court was dismissed because the case had become moot. It thus appears that the plaintiff in error in the instant case, through no fault upon her part, was deprived of having the assignments of error in her bill of exceptions passed upon by this court. The record contains noth-

68

ing to show why the costs were assessed against the instant plaintiff in error and not taxed against the party who voluntarily dismissed his action. Therefore it was an abuse of discretion for the trial court to tax against the plaintiff in error the costs of bringing the previous case to the Supreme Court. *Hamilton* v. *DuPre,* 103 *Ga.* 795 (30 S. E. 248) ; *Mendenhall* v. *Stovall,* 191 *Ga.* 452 (2) (12 S. E. 2d, 589).

*Judgment reversed. All the Justices concur.*