HILL *v.* BUSH *et al.*

544

No. 16959. FEBRUARY 16, 1950.

546

*Aaron Kravitch,* for plaintiff.

*Brannen, Clark & Hester, Hitch, Morris, Harrison & Smith, Casper Wiseman, Edwin Maner Jr.,* and *William G. Norwood,* for defendants.

ATKINSON, Presiding Justice. (After stating the foregoing facts.) ■ Ordinarily the services of an attorney must be paid for by the client who employs him. Code, § 20-1404; *Murphey* v. *Brock,* 206 *Ga.* 9 (2 c) (55 S. E. 2d, 564). Applying the above principle, the court did not err in sustaining the defendant's demurrer, and striking allegations to the effect that the petitioner had been compelled, by virtue of the arbitrary attitude on the part of the defendant, to employ counsel to bring the action at an expense to her of $200, and that she was entitled to reasonable attorney's fees. See, in this connection, *Helmken* v. *Meyer,* 118 *Ga.* 657 (1) (45 S. E. 450); *Little* v. *Madison Supply & Hardware Co.,* 146 *Ga.* 95 (1) (90 S. E. 713); *City of Atlanta* v. *Screws,* 194 *Ga.* 214 (21 S. E. 2d, 424); New York Life Ins. Co. *v.* Bidoggia (Idaho), 15 Fed 2d, 126. It follows that the auditor did not err in disallowing the claim for attorney's fees.

■ The petitioner excepted to the findings of law as set out in paragraphs 2 and 3 of the auditor's report, in that the petitioner had actually paid the sum of $3388.75 instead of the amount of $3013.75 credited by the auditor, leaving a balance due of $676.25 instead of $1051.25 as set out by the auditor. This exception is based on the contention that the auditor misconstrued the evidence. Another complaint, similar in all respects but designated as an exception to the findings of fact, is based on the contention that the auditor miscalculated the evidence.

The controlling question, presented by each of the above exceptions, is whether the petitioner was entitled to a credit of $375 to install awnings and insulation. The petition alleged that $375 was necessary to complete the job. However, an inspection of the copy of the contract together with the specifications, which were attached to and made a part of the peti-

tion, fails to show that awnings and insulation were included therein. Furthermore, there was evidence that the above items were not a part of the contract. In these circumstances, it can not be held, as contended, that the auditor misconstrued or miscalculated the evidence.

■ The petitioner excepted to the recommendations made by the auditor that costs should be assessed equally against both the petitioner and the defendant, and also that $25 be assessed against the petitioner for attorney's fees in taking interrogatories, and $25 for paying a witness who was called at the petitioner's request.

Under our statutes, in equity cases "it is the province of the judge . . . to determine upon whom the costs shall fall" (Code § 37-1105; *Bush* v. *Little*, 171 *Ga.* 206 (2), 154 S. E. 886); and "this court will not interfere unless [his] discretion has been abused." *Hicks* v. *Atlanta Trust Co.*, 187 *Ga.* 314 (2), 315 (200 S. E. 301); *Fitzgerald* v. *Vaughn*, 189 *Ga.* 707 (3), 711 (7 S. E. 2d, 78); *Sangster* v. *Toledo Manufacturing Co.*, 193 *Ga.* 685 (7) (19 S. E. 2d, 723). In the present case, in which neither party emerged victorious but each party won a partial victory, the auditor did not abuse his discretion in recommending that the costs be assessed equally against both the petitioner and the defendant. Nor was it an abuse of discretion to recommend that costs be assessed against the petitioner for paying a named witness, and for taking interrogatories, where it appeared as here, that the witness was called, and the interrogatories were taken, at the request of the petitioner.

4. An examination of the record in its entirety shows that the exceptions to the findings of the auditor are without merit, and that all such rulings and findings of the auditor, as approved by the trial judge, are supported by the evidence and in accordance with law.

*Judgment affirmed. All the Justices concur.*