23932.   WOODSIDE v. FULTON COUNTY et al.
23933.   FULTON COUNTY et al. v. WOODSIDE et al.

318

Argued February 14, 1967—Decided April 6, 1967—Rehearing denied May 4, 1967.

*Houston White,* for Woodside.

*Arthur K. Bolton,* Attorney General, *Richard L. Chambers, E. J. Summerour,* Assistant Attorneys General, *Harold Sheats,* for State Highway Dept. and Fulton County.

*Henry L. Bowden, Edwin L. Sterne, Robert F. Lyle,* for City of Atlanta.

*Swift, Currie, McGhee & Hiers, William W. Horton,* for Wright Contr. Co.

*Bryan, Carter, Ansley & Smith, W. Colquitt Carter, Henry M. Quillian, Jr., Carl T. Hudgins,* for Hudgins & Co.

Mobley, Justice. The appeal in this case is from the orders of the trial court sustaining general and special demurrers of five defendants to a petition brought in two counts, as amended, by John J. Woodside, III, seeking to recover damages from defendants, Fulton County, the State Highway Department, Wright Contracting Company, and Hudgins Contracting Company, under the theory of negligent damaging of petitioner's property, and seeking to enjoin the other defendant, the City of Atlanta, from prosecuting him under Section 106.1 (a) of the Building Code of Atlanta (1961) for maintaining a dangerous or unsafe building.

Appellees, Fulton County and the State Highway Depart-

ment, filed a cross appeal from an order of the lower court ruling that costs in a prior proceeding on the issues of the jurisdiction of the trial court and its respective judges and the constitutionality of the Chief Judge Act and Chief Judge Rules made pursuant thereto, be "paid as expenses of court." See *Fulton County v. Woodside,* 222 Ga. 90 (149 SE2d 140).

■ ■ This action is brought under the eminent domain provision of the Constitution of Georgia of 1945, Art. I, Sec. III, Par. I (*Code Ann.* § 2-301), requiring the payment of compensation for the taking or damaging of private property for public purposes. It is brought against Fulton County pursuant to *Code Ann.* § 95-1710 (Ga. L. 1957, pp. 593, 594) which permits the county to vouch into court the State Highway Department as the party secondarily liable where a cause of action originates on a highway. Count I of the petition alleges acts of wanton negligence on the part of Fulton County, the State Highway Department, and its contractors, Wright and Hudgins, in the severance of petitioner's building number 2 and the relocation of the Butler street trunk sewer done in the course of a previous eminent domain project (i. e. the taking of a right of way for a leg of the expressway system in the City of Atlanta and environs) and creating a nuisance as to the remaining portion of the building. Count 2 of the petition alleges simple negligence on the part of defendants, except the City of Atlanta, as to the severance of the building and the relocation of the sewer trunk.

A condemnation award, upon becoming final is conclusive as to all damages whether foreseen or not resulting from proper construction. *Whipple v. County of Houston,* 214 Ga. 532 (1) (105 SE2d 898); *Central Ga. Power Co. v. Mays,* 137 Ga. 120 (72 SE 900); *State Highway Dept. v. Kaylor,* 110 Ga. App. 46, 47 (137 SE2d 664); *McArthur v. State Highway Dept.,* 85 Ga. App. 500 (69 SE2d 781). The construction here is alleged to have been done negligently by the agents or contractors of the condemnor. These allegations are sufficient to give rise to a cause of action for damages to property under the eminent domain provision of the Constitution of Georgia of 1945 (*Code Ann.* § 2-301). Such a cause of action has been called an "in-

verse condemnation" proceeding. Private property must be negligently taken or damaged for a public purpose in order for the action to prevail against the defense that recovery is barred by a previous condemnation award.

Appellees, the State Highway Department and Fulton County, rely heavily upon the view that Wright, the contractor, and Hudgins, its subcontractor, are not servants or agents of the State Highway Department or of Fulton County, but are independent contractors under the construction contracts which petitioner has attached to his petition as exhibits, and, as such, neither the State Highway Department nor Fulton County would be bound by their alleged negligent acts.

Accepting the premise that Wright and Hudgins who performed the alleged negligent acts are merely independent contractors, the foregoing contention is, nevertheless, without merit.

The generally accepted rule seems to be that a condemnor cannot immunize itself from its constitutional obligation to pay compensation for the taking or damaging of property done pursuant to the power of eminent domain. *Richmond County v. Williams,* 109 Ga. App. 670 (137 SE2d 343); *City of Atlanta v. Kenny,* 83 Ga. App. 823 (64 SE2d 912); 29A CJS 854, § 195; 26 AmJur2d 846-847, § 171; and see annotation at 2 ALR2d 711, § 8. Several decisions from the highest appellate courts of foreign jurisdictions have followed this rule in cases similar to this one. In Sherlock v. Mobile County, 241 Ala. 247, 249 (2 S2d 405) it was held: "The county cannot avoid liability to property owners for property taken or for injury done, within the meaning of § 23 and § 235 of the Constitution, by authorizing the work to be done by a third person acting by the county's authority, whether such third person be an agent *or an independent contractor."* (Emphasis supplied). See also Republic Iron &c. Co. v. Barter, 218 Ala. 369 (118 S 749). In Kelley v. Falangus, 63 Wash.2d 581 (388 P2d 223) the court held that owners of supporting land could not, by delegation of duties to a private independent contractor, escape the constitutional responsibility for damage to adjoining lands caused by removal of lateral support. The Washington court quoted from one of its previous decisions as follows: ". . . the state could not

delegate to a private independent contractor the liability for such damaging [i. e. the removal of lateral support] any more than the state could so delegate its power of eminent domain." State v. Williams, 12 Wash.2d 1, 14 (120 P2d 496).

Appellees contend that an employer is not liable for the acts of an independent contractor except in those instances set forth in *Code* §§ 105-501, 105-502 as construed by this court in *Dekle v. Southern Bell Tel. &c. Co.*, 208 Ga. 254, 256 (66 SE2d 218). Whether, as that decision seems to indicate, the statute embodied in these Code sections is exhaustive as to exceptions to the rule of non-liability of an employer for the acts of an independent contractor, it must yield to and cannot control the constitutional duty imposed upon a condemnor to pay compensation for the taking or damaging of private property for public purposes whether or not such taking or damaging was done by an independent contractor hired by the condemnor.

For these reasons Fulton County and the State Highway Department cannot escape their constitutional responsibility to compensate for the taking or damaging of petitioner's property on the ground that the parties who did the actual taking or damaging were independent contractors.

■ The State Highway Department and Fulton County offered into the record of this case, the entire record of the original condemnation proceeding in the same court between Woodside Storage Co., Inc., a lessee of the property, and John J. Woodside, Jr., the owner of the property, as condemnees, and Fulton County and the State Highway Department, as condemnors, as a profert in curia pursuant to the decision of this court in *Chicago Bldg. &c. Co. v. Talbotton Cream. &c. Co.*, 106 Ga. 84 (1) (31 SE 809). It is contended that the answers of the defendants (condemnees) in that proceeding, which was terminated when the condemnor's appeal from the award of the assessors was dismissed upon motion of the condemnees (*Woodside v. City of Atlanta*, 214 Ga. 75 (103 SE2d 108)), constitute a solemn admission in judicio that the original condemnation award was based upon the total destruction of building number 2 for which appellant now seeks damages for injuries on the theory of negligent construction, and that it

was properly considered by the trial judge in sustaining the general demurrer to the petition.

In *Chicago Bldg. &c. Co. v. Talbotton Cream. &c. Co.*, supra, a written contract which was the foundation of the suit was offered in the record by plaintiff and was considered a part of the petition by the trial judge in his ruling on the demurrer to the petition. This court found no error in his consideration of the profert, but reversed the lower court's ruling sustaining the demurrer on other grounds. The court reviewed the history of the early common law practice where profert of an instrument was allowed and the instrument was considered part of the pleadings. It appears that the reason for the practice is to benefit the pleader. The court stated (p. 88): "The deed, as recited, is considered as parcel of the pleading *of him who pleads it;* and, consequently, has the same effect, as if it had been set out, verbatim, *in his own pleading.*" (Emphasis supplied).

Here it is the defendants who seek the advantage of the profert in curia on the hearing on the general demurrer to the petition. To allow them this would, in effect, work an involuntary amendment to the petition and violate the rule that on demurrer, the court cannot look outside the allegations in the petition. *Rembert v. Ellis*, 193 Ga. 60, 64 (17 SE2d 165, 137 ALR 479) and cases cited.

This case is materially distinguishable from the *Talbotton Creamery* case for the above reasons. The trial court erred in considering the profert of the record of the original condemnation proceeding in passing upon the general demurrers. *Rembert v. Ellis*, supra; *Mann v. Showalter*, 145 Ga. 268 (4) (88 SE 968); *Candler v. Kirkland*, 112 Ga. 459, 460 (37 SE 715); *Mitchell v. Southern R. Co.*, 118 Ga. 845, 847 (45 SE 703).

■ This action was filed pursuant to *Code* § 95-1712 which states: "The State Highway Department shall not be liable under existing laws for damages accruing on such additional state-aid roads taken into the system under this law, until construction thereon has been begun under the direction of the State Highway Board and such additional State-aid roads opened to traffic by the said board." Petitioner alleges that the

state-aid road, or expressway, was opened to traffic on November 15, 1964, notice of petitioner's claim was filed on August 30, 1965, and the petition was filed on September 7, 1965, both within the twelve-months period subsequent to the opening of the road, which meets the requirements of *Code* § 23-1602 that all claims against counties must be presented within twelve months after they accrue or become payable, or they are barred. See *Waters v. DeKalb County,* 208 Ga. 741 (2a) (69 SE2d 274); *State Hwy. Bd. v. Hall,* 193 Ga. 717 (20 SE2d 21); *Taylor v. Richmond County,* 185 Ga. 610 (196 SE 37); *Hardin v. State Hwy. Bd.,* 185 Ga. 614 (196 SE 40); *State Hwy. Bd. v. Perkerson,* 185 Ga. 617 (196 SE 42); *Habersham County v. Knight,* 63 Ga. App. 720 (12 SE2d 129); *Felton v. Macon County,* 43 Ga. App. 651 (159 SE 730).

We now consider whether this suit alleges a cause of action which originates on a highway in order to bring it within the provisions of *Code Ann.* § 95-1710 (Ga. L. 1957, pp. 593, 594) and *Code* § 95-1712. In *State Hwy. Bd. v. Hall,* 193 Ga. 717, supra, a property owner alleged that the State Highway Board had invaded his premises and removed quantities of stone therefrom. He filed a suit for damages in a county which was the residence of one of the members of the highway board. In holding that the suit was properly brought in such county and that petitioner was not required to bring it in the county where the highway was located (see *Habersham County v. Knight,* 63 Ga. App. 720 (12 SE2d 129); *Lincoln County v. Gazzaway,* 43 Ga. App. 358 (158 SE 647)) because *Code Ann.* § 95-1710 did not apply, the court ruled: "Where the cause thus originates, that is to say, where property is taken or damaged directly or consequentially from the building or grading of a state highway, the method of procedure as outlined by this Code section is not only authorized but exclusive. In the instant case, however, the alleged seizure by the State Highway Board of the plaintiff's property from land that was in no way connected with or affected by the construction of the highway did not 'originate on' the state highway. . ." *State Hwy. Bd. v. Hall,* supra, at p. 718. The damage alleged in the case sub judice is the negligent severance of a building and the negligent relocation

of a trunk sewer for the purpose of clearing a right of way for the construction of a state-aid road. We hold that these allegations show a cause of action which originates on a highway under the rule above. Without question, the alleged damage was a direct result of the building of the highway. The action must and does comply with the procedure in these Code sections. See *Waters v. DeKalb County*, 208 Ga. 741 (69 SE2d 274).

The trial court erred in sustaining the general demurrers of Fulton County and the State Highway Department to the petition as amended.

■ Appellees, Wright and Hudgins, contend that the action as against them is barred by the four-year statute of limitation contained in *Code* § 3-1001 which provides: "All actions for trespass upon or damage to realty shall be brought within four years after the right of action accrues." The alleged acts of negligence by these defendants occurred in 1958 and in September, 1960. The petition was filed on September 7, 1965, about one year later than the four-year period provided by *Code* § 3-1001. However, it is urged that these defendants should be joined in this action just as Fulton County is under *Code Ann.* § 95-1710, and that *Code* § 95-1712, prohibiting suit until the highway is opened to traffic, applies to both said defendants. While many practical benefits might be gained by allowing Wright and Hudgins to be joined with the State Highway Department and Fulton County under *Code* § 95-1712, such construction of this and other related Code sections is not adopted here. The language of these provisions of the Code confines their application to suits brought against the county for causes of action originating on highways, placing ultimate liability upon the State Highway Department which is to be made a defendant in such actions, and prohibiting the bringing of such actions until the highway is opened to traffic by the State Highway Department. *Code Ann.* § 95-1710 expressly mentions counties although *Code* § 95-1712 does not. Neither section mentions contractors or agents or servants of the State Highway Department. These provisions authorize a special procedure for recovery against counties and the State Highway Department for damage originating on a highway. As stated in *State Hwy.*

*Dept. v. McClain,* 216 Ga. 1, 6 (114 SE2d 125) "This section of the Code (Section 95-1712) therefore restricts the authority of the property owner to institute the suit *authorized by Code Ann. § 95-1710* until the state-aid road involved is completed and opened to traffic by the State Highway Board." (Emphasis supplied). This suit against Wright and Hudgins is not authorized by *Code Ann.* § 95-1710 which authorizes certain suits against counties and the State Highway Department only. The procedure outlined in these Code sections is mandatory. *State Hwy. Bd. v. Hall,* 193 Ga. 717, 718, supra. A suit against a county for such damages would necessarily have to conform to *Code* § 95-1712. This explains the rulings in *Waters v. DeKalb County, Habersham County v. Knight,* and *Felton v. Macon County,* supra.

A proceeding against a private contractor although based upon a cause of action "originating on a highway" could be maintained without adherence to these provisions. We would not extend their meaning to include common law tort actions against parties other than a county and the State Highway Department simply because the alleged negligent act "originated on a highway." Nor would we do so merely because the cause of action arose from an eminent domain proceeding and originated on a highway.

The four-year statute of limitation, *Code* § 3-1001, is applicable and controlling here. The allegation that the severed building was rendered a continuing nuisance by the negligent acts of appellees does not help the petition. It is also alleged that the building was rendered worthless and valueless to the plaintiff on September 10, 1960, five years prior to the commencement of the suit. The cause of action arose upon the creation of the nuisance on September 10, 1960, and must have been brought within the four-year period under *Code* § 3-1001. *Mobley v. Murray County,* 178 Ga. 388 (1) (173 SE 680); *Clark v. Lanier,* 104 Ga. 184 (30 SE 741); *City Council of Augusta v. Lombard,* 101 Ga. 724 (28 SE 994); *Lawrence v. City of LaGrange,* 63 Ga. App. 587 (11 SE2d 696); *City of LaFayette v. Hegwood,* 52 Ga. App. 168, 170 (182 SE 860); *Georgia Power Co. v. Moore,* 47 Ga. App. 411 (170 SE 520).

Appellant's amendment to his petition alleging "that said building in its present condition, is a continuing nuisance from day to day, until same be abated" does not aid the petition. Assuming the building is a continuing nuisance giving rise to a fresh cause of action for every successive injury (see *City Council of Augusta v. Lombard*, supra), the last injury complained of occurred on September 9, 1960, when the building was made worthless by the alleged acts of negligence. Thus, no injury is alleged to have occurred within the four-year period immediately preceding the filing of this suit, and, under either theory of nuisance, the action is barred by the statute of limitation.

As to appellees, Wright and Hudgins, the trial court properly sustained their general demurrers to the petition as amended, as the causes of action accrued more than four years prior to the commencement of the suit.

■ It is alleged that the City of Atlanta seeks to prosecute petitioner under Section 107.3 (a) of the Building Code of Atlanta (1961) which imposes a criminal penalty upon the owner of an unsafe or dangerous building for failing to make the building safe, as provided in Section 106.1 (a). Petitioner alleges that the city is merely trying to abate a nuisance under the proceeding in *Code* § 72-401 and relies upon the ruling in *City of Atlanta v. Pazol*, 95 Ga. App. 598 (98 SE2d 216) where the court held that such a proceeding was to determine the existence of a nuisance and was a civil proceeding, not criminal or quasi-criminal in nature. By this reasoning petitioner attempts to avoid the general rule of equity that equity will not enjoin a criminal prosecution. *Code* § 55-102.

Yet the attempted proceeding by the City of Atlanta is not to abate a nuisance under *Code* § 72-401, but to prosecute petitioner for a violation of the city's building code which provides for a fine or a sentence to labor on public works or both to be imposed in the discretion of the recorder against building owners violating the code's provisions. Clearly, the procedure authorized by the building code is criminal, or at least quasi-criminal in nature, and cannot be restrained by an action in equity. *Starnes v. City of Atlanta*, 139 Ga. 531 (77 SE 381); *Cantrell v. Mayor of Mt. Airy*, 218 Ga. 646, 649 (129 SE2d 910).

The trial court properly sustained the general demurrer of the City of Atlanta on this ground.

■ Fulton County filed a cross appeal in Case No. 23933 enumerating as error the imposition of costs in that case against Fulton County, which was the winner in that case, this court having held that the judge, Judge Durwood T. Pye, was without jurisdiction of the case because it was not assigned to him by the Chief Judge. When that case was presented to Judge Pye he advised counsel that in the absence of an attack upon the constitutionality of the Chief Judge Act he could not take jurisdiction of the case. Counsel amended his petition and attacked the constitutionality of the Chief Judge Act. The trial judge held the Act unconstitutional and this court reversed. *Fulton County v. Woodside*, 222 Ga. 90, supra. Judge Pye on his own volition cast the costs against Fulton County.

This court held in *Walden v. S. M. Whitney Co.*, 201 Ga. 65, 67 (2) (38 SE2d 744): "While in all civil actions at law, 'except as otherwise provided, the party who shall discontinue, fail, or be cast in such suit shall be liable for the costs thereof' (*Code* § 24-3401; *Board of Education of Madison County v. Fowler*, 192 Ga. 35 (14 SE2d 478)), under our statutes in equity cases 'it is the province of the judge . . . to determine upon whom the costs shall fall' (*Code* § 37-1105; *Bush v. Little*, 171 Ga. 206 (2) (154 SE 886)), and this court will not interfere unless [his] discretion has been abused." This was an equity case in which plaintiff sought an injunction along with damages. The constitutionality of the Chief Judge Act was a question of extreme importance and of vital concern to every litigant and every lawyer practicing in the Superior Court of Fulton County. The burden of procuring a ruling on this vital question fell on Woodside and his counsel, and Judge Pye in his order casting the costs on Fulton County recites that the constitutionality of the Act was raised by Woodside under order and direction of the court.

We feel that under the circumstances it was not an abuse of discretion upon the part of the trial court to cast the costs upon Fulton County in this instance.

■ Headnote 3 requires no elaboration.

*Judgment affirmed in part; reversed in part on the main appeal. Affirmed on the cross appeal. All the Justices concur, except Cook, J., disqualified.*